# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**FLOYD S. BLEDSOE,**

    **Plaintiff,**

    v.

**JEFFERSON COUNTY, KANSAS, et al.,**

    **Defendants.**

Case No. 16-2296-DDC-GLR

## MEMORANDUM AND ORDER

The matter before the Court is on Plaintiff's Motion for Enlargement of Time for Service, to Compel Response to Subpoena, and for Leave to Serve Limited Discovery (ECF 52) and non-party Movant Kansas Public Employees Retirement System's ("KPERS") Motion to Quash Subpoena (ECF 54). Both motions concern the same issue: serving Defendant George Johnson, a now-retired Kansas Bureau of Investigation detective whose whereabouts are currently unknown. For the reasons below, the Court grants Plaintiff's motion and denies Movant KPERS' motion.

Plaintiff requests three things: (1) an enlargement of time under Federal Rule of Civil Procedure 4 in which to serve Defendant Johnson; (2) an order compelling KPERS to respond to Plaintiff's subpoena about Defendant Johnson's whereabouts; and (3) permission to serve limited discovery on Defendants Morgan, Woods, and Vanderbilt regarding Defendant Johnson's whereabouts. No defendant filed a response to Plaintiff's motion, and it is therefore considered unopposed. Movant KPERS filed a response to Plaintiff's motion in the form of its own motion, requesting the Court quash Plaintiff's subpoena pursuant to Rule 45(d)(3)(A). Plaintiff responded to KPERS' motion, but KPERS did not file a reply and the time to do so has expired.

Given the defendants do not oppose Plaintiff's motion, Plaintiff's exercise of due diligence in attempting to serve Defendant Johnson, and the fact that this case is in its infancy, the Court finds good cause and grants Plaintiff's motion as to his first and third requests for relief.  Plaintiff is granted an additional sixty days in which to serve Defendant Johnson.  Plaintiff may also serve limited discovery as to Defendant Johnson's whereabouts on Defendants Morgan, Woods, and Vanderbilt.

As to Plaintiff's second request (an order compelling KPERS to respond to his subpoena), the Court denies KPERS' motion opposing such relief.  KPERS' motion is short and cites one legal basis for denying Plaintiff's request: K.S.A. § 74-4909(10).  KPERS only argument is that the statute prohibits it from releasing any member's confidential information unless authorized in writing by the member.  Section 74-4909(10) states:

> Each member's account and records shall be administered in a confidential manner and specific data regarding the member shall not be released unless authorized in writing by the member; *however, the board may release information to the employer or to other state and federal agencies as the board deems necessary.*

K.S.A. § 74-4909(10) (emphasis added).  KPERS' omits the italicized language—language that, as Plaintiff correctly points out, empowers KPERS to release member information in some instances.  While the effort by KPERS to maintain confidentiality of its members' data may be praiseworthy, Section 74-4909(10) does not prevent this Court from compelling KPERS to disclose Defendant Johnson's address.  Nor does it trump an apparently legitimate need for information to enable Plaintiff to serve a designated Defendant.  The Court thus orders KPERS to disclose to Plaintiff information regarding Defendant Johnson's last known address or other contact information as requested by the motion.

Case 2:16-cv-02296-DDC-GLR   Document 67   Filed 09/07/16   Page 3 of 3 

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Enlargement of Time for Service, to Compel Response to Subpoena, and for Leave to Serve Limited Discovery (ECF 52) is granted in its entirety.

**IT IS FURTHER ORDERED** that non-party Movant Kansas Public Employees Retirement System's Motion to Quash Subpoena (ECF 54) is denied.

**IT IS SO ORDERED.**

Dated September 7, 2016, at Kansas City, Kansas.

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge
