**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| FLOYD S. BLEDSOE, | ) |
| | ) |
| Plaintiff, | ) Case No. 2:16-CV-02296 |
| | ) |
| v. | ) |
| | ) |
| JEFFERSON COUNTY, KANSAS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING JOINT MOTION OF PLAINTIFF, JEFFERSON COUNTY DEFENDANTS, AND KBI DEFENDANTS FOR ORDER FOR PRESERVATION OF EVIDENCE**

NOW, this matter comes before the Court upon the Joint Motion of Plaintiff, Jefferson County Defendants, and KBI Defendants for Preservation of Evidence (ECF No. 137). Plaintiff appears by and through counsel of record, Loevy & Loevy. The Jefferson County Defendants appear by and through counsel of record, Foulston Siefkin LLP and Crouse LLC. The KBI Defendants appear by and through counsel of record, the Office of Attorney General Derek Schmidt. There are no other appearances and none are required.

WHEREUPON, after reviewing the file and being duly advised, the Court finds as follows:

1. The destruction, alteration, or purging of any evidence or records relevant to this Section 1983 action would constitute impermissible spoliation and is within this Court's power to prevent.

2. The Court hereby Orders that parties and counsel in this matter shall take all steps necessary to ensure that all evidence and records potentially pertinent to this litigation are preserved. The Court also Orders that none of the parties to this matter, nor the agencies by which any of the parties were employed when Floyd S. Bledsoe was arrested and prosecuted for the murder of Zetta Camille Arfmann, may destroy, alter, or purge any evidence or records related to

either the investigation of Ms. Arfmann's murder or this civil litigation, until after this litigation is fully concluded. All physical materials in the Kansas Bureau of Investigation's (KBI) possession or control that are potentially related to either the investigation of Ms. Arfmann's murder or this civil litigation, including but not limited to biological or body samples of any type, shall remain in place and unaltered until the conclusion of this litigation, including all appeals.

3. The preservation provisions above shall not preclude the Kansas Bureau of Investigation (KBI) from complying with an order of expungement as contemplated in K.S.A. 60-5004(h), meaning that if presented with such an order relating to Floyd S. Bledsoe, the KBI is specifically authorized to purge Floyd S. Bledsoe's conviction, arrest, and DNA profile record information from the criminal justice information system central repository and all applicable state and federal databases, in accordance with K.S.A. 21-2511, and amendments thereto. Any physical biological sample, including any DNA sample from Floyd S. Bledsoe, shall remain in the KBI's custody until the conclusion of this litigation, including all appeals. Further, the KBI, per its protocol when purging records in accordance with K.S.A. 60-5004(h), shall maintain a digital image of any records so purged, including but not limited to a digital image of criminal history records previously maintained in the central repository relating to Floyd S. Bledsoe's DNA profile, arrest, prosecution, and conviction for the murder of Zetta Camille Arfmann. This digital image shall be accessible only internally by authorized Bureau employees, shall be retained and accessed only for use in *Bledsoe v. Jefferson County, et al.*, Case. No. 2:16-CV-02296 (D. Kansas) and any related appeals, and for no other purpose, and shall not be reported out to anyone else inquiring as to Floyd S. Bledsoe's criminal history record information unless in the ordinary course of discovery in this litigation or as otherwise ordered by the Court.

4. The Court Orders that any order sought from any other court by Bledsoe, his

counsel, and counsel for the KBI Defendants shall comply, and propose relief consistent with, the Orders herein contained. Nothing in this Order shall be construed as preventing Bledsoe from seeking to implement the remainder of K.S.A. 60-5004, including the provisions related to destruction of physical samples, after this Section 1983 litigation has concluded, including all appeals.

5. Nothing in this Order shall be construed as preventing Bledsoe from seeking pecuniary benefits and a certificate or innocence under K.S.A. 60-5004.

6. All parties expressly reserve and do not waive any arguments regarding the effects, relevance, admissibility, and other potential evidentiary issues related to the anticipated Certificate of Innocence. The Court makes no rulings on these issues at this time, and these issues are preserved for later briefing, argument, and decision.

IT IS, THEREFORE, BY THE COURT ORDERED, ADJUDGED, AND DECREED that the above and foregoing Paragraphs 1–6 above, and the findings therein, are and shall constitute the Order of this Court.

IT IS SO ORDERED.

Dated this 17th day of May, 2019, in Kansas City, Kansas.

                                          s/ James P. O'Hara  
                                          James P. O'Hara  
                                          U.S. Magistrate Judge