**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

FLOYD S. BLEDSOE,

    Plaintiff,

v.

JEFFERSON COUNTY, KANSAS, et al.,

    Defendants.

Case No. 16-2296-DDC-JPO

**MEMORANDUM AND ORDER**

This matter comes before the court on plaintiff's Second Motion to Amend Complaint (Doc. 106). Defendants Randy Carreno, Troy Frost, Jeffrey Herrig, Robert Poppa (then-officers of the Jefferson County Sheriff's Department) and Jefferson County, Kansas (collectively, the "Jefferson County defendants"[1]) filed a response in opposition to plaintiff's motion to amend, as did defendant Michael Hayes and defendant Jim Vanderbilt. *See* Docs. 107, 108, 109. And, plaintiff replied. *See* Doc. 110. For reasons explained below, the court grants the Second Motion to Amend Complaint (Doc. 106) and dismisses the pending Motion for Judgment on the Pleadings (Doc. 102) without prejudice.

**I.    Background**

Plaintiff filed this lawsuit against numerous defendants on May 10, 2016. Doc. 1. He amended his Complaint once before, in part as a matter of right under Fed. R. Civ. P. 15(a)(1)

---

[1] Plaintiff's First Amended Complaint and Proposed Second Amended Complaint also include Roy Dunnaway, former Sheriff of Jefferson County, as a named Jefferson County defendant. *See* Docs. 75, 106–1. On March 7, 2017, the Jefferson County defendants notified the court and other parties that Mr. Dunnaway had passed away. Doc. 101. Under Fed. R. Civ. P. 25(a), a motion for substitution may be made by any party if a party dies and the claim is not extinguished. If such a motion is not made within 90 days after receiving notice of the death, "the action by or against the decedent *must* be dismissed." Fed. R. Civ. P. 25(a)(1) (italicized emphasis added). Because a motion for substitution was not made within the requisite time frame here, the court must dismiss the action against Mr. Dunnaway. The court thus directs plaintiff to remove Mr. Dunnaway as a named defendant when filing its Second Amended Complaint.

1

and in part with leave from the court under Fed. R. Civ. P. 15(a)(2). *See* Doc. 74. On May 25, 2017, he filed his Second Motion to Amend Complaint. It seeks leave to "correct[ ] a technical matter. . . ; allege[ ] with more particularity the bases for liability against certain [d]efendants; and clarif[y] certain alleged matters identified in Jefferson County [d]efendants' motion and answer." Doc. 106 at 2.

The proposed amendments seeking to clarify "alleged matters identified in the Jefferson County defendants' motion" relate to another pending motion before this court—a Motion for Judgment on the Pleadings by the Jefferson County defendants filed April 27, 2017 (Doc. 102). Before plaintiff responded to this motion,[2] plaintiff filed his motion for leave to amend and, at the request of the parties, the court stayed the briefing schedule on this motion for judgment on the pleadings on July 7, 2017. Doc. 113.

The court subsequently ruled the various pending motions to dismiss filed by other defendants in this case and those defendants filed their answers to plaintiff's Amended Complaint. *See* Docs. 114–119. Then, defendant Vanderbilt appealed the court's ruling against his motion to dismiss to the Tenth Circuit Court of Appeals and moved to stay all proceedings in this action pending his appeal. *See* Docs. 123, 124. The court found that the claims against all defendants sufficiently were intertwined and so, it stayed the case pending the Tenth Circuit's decision on appeal. *See* Doc. 133. The case remained stayed until September 9, 2019 when the Tenth Circuit affirmed the court's decision to deny defendant Vanderbilt's motion to dismiss.

---

[2] The Motion for Judgment on the Pleadings was premature, as it was filed before all defendants had answered. *See* Fed. R. Civ. P. 12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings"); *Progressive Cas. Ins. Co. v. Estate of Crone*, 894 F. Supp. 383, 385 (D. Kan. 1995) (explaining that "Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and answer" and where answers have not been filed for all claims the pleadings are not yet closed); *Gorenc v. Klaassen*, No. 18-2403-DDC-JPO, 2019 WL 2523566, at *2 (D. Kan. June 19, 2019) (explaining that the pleadings are not closed for purposes of a Rule 12(c) motion where other defendants "have not yet filed answers because they pursued dismissal under Rule 12(b)").

2

*See* Doc. 139. To date, the court has not rescheduled the response deadline for the Jefferson County defendants' Motion for Judgment on the Pleadings and the motion thus still is not fully briefed. And, the fully briefed Second Motion to Amend Complaint remains pending.

**II.     Legal Standard**

Federal Rule of Civil Procedure 15(a) permits a party to amend its pleadings in one of two ways: (1) as a matter of course within 21 days after serving it, or (2) within 21 days of service of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(A)–(B). Outside those periods, any amendment to the pleadings requires leave, and courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962). A court should refuse to grant leave to amend only "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies . . . , or futility of amendment." *Bylin v. Billings,* 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)). The decision whether to grant leave to amend is within a court's sound discretion. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)). "In exercising its discretion, the court must be mindful that the Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading technicalities." *Bank Midwest, N.A. v. Millard*, No. 10-2387-JAR-DJW, 2012 WL 4006423, at *1 (D. Kan. Sept. 12, 2012) (citing *Koch v. Koch Indus.*, 127 F.R.D. 206, 209 (D. Kan. 1989)). Also, the court must keep in mind that the Federal Rules of Civil Procedure "should be construed, administered and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

## III. Analysis

When deciding whether to grant leave here, the court focuses on the Jefferson County defendants' arguments against granting leave to amend and the case's procedural history. Defendant Hayes and defendant Vanderbilt rely on the arguments made in their motions to dismiss. As the court since has ruled defendants' motions to dismiss, their arguments against leave to amend now are moot. As explained below, the court finds the factors here favor granting leave to amend.

First, the court finds the undue delay, bad faith or dilatory motive, and failure to cure deficiencies factors do not favor denying plaintiff leave to amend here. The court can deny leave to amend when the movant does not have an adequate explanation for delay. *Minter*, 451 F.3d at 1206. If the movant knew for some time about the facts which he seeks to plead in the putative amendment, the court may deny his request to amend. *Id.* at 1205–06. The longer his delay, the greater the likelihood that a court will deny leave. *Id.* at 1205. The Jefferson County defendants argue plaintiff should have requested leave to amend following their answers to the original and first amended Complaints, which identified defendants' deficiency arguments and defenses to plaintiff's Complaint within. Doc. 108 at 5–6. Yet, defendants argue, plaintiff failed to address these deficiencies in his prior motion for leave to amend and now, he proposes immaterial changes based on information plaintiff already possessed. *Id.* Defendants contend plaintiff seeks to delay the court's ruling on defendants' dispositive motion by moving to amend his Complaint again. *Id.* at 5. But, plaintiff purports he requested leave to amend timely after reviewing the deficiencies to his Complaint identified in the Motion for Judgment on the Pleadings, which better clarified defendants' position. Doc. 110 at 3–4, 7–8. The court agrees that the Motion for Judgment on the Pleadings described defendants' position in more pointed

detail. And, the proceedings still are in the early stages, with no scheduling order, depositions, or discovery taking place. Given the stage of proceedings in this case, the court finds no undue delay, failure to cure deficiencies, or dilatory motive that would justify refusing to grant leave to amend here. The overall purpose of Rule 15 is "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter*, 451 F.3d at 1204 (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). Giving plaintiff leave will serve that purpose.

The court also finds permitting amendment will not cause undue prejudice. While the court recognizes that granting leave to amend will require defendants to re-answer and thus moot the pending Motion for Judgment on the Pleadings, as the Jefferson County defendants point out, the Complaint contains many of the same allegations. *See* Doc. 108 at 6. The effort to prepare new answers or dispositive motions will not unduly prejudice defendants as they can use their previous filings to respond efficiently. *See Bylin*, 568 F.3d at 1230 ("[T]he expenditure of time, money, and effort alone is not grounds for a finding of prejudice."); *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971) (explaining that "[t]here is invariably some practical prejudice resulting from an amendment" but the question is "whether the allowing of the amendment produced a grave injustice to the defendants"). And, if the Jefferson County defendants conclude that it is still appropriate to file a motion to dismiss or timely motion for judgment on the pleadings, permitting amendment now could narrow the issues and facilitate a more just, speedy, and inexpensive decision on the merits. *See* Fed. R. Civ. P. 1.; *Bank Midwest*, 2012 WL 4006423, at *1. Indeed, since the Jefferson County defendants initially filed their motion, this court has ruled motions to dismiss some claims asserted against other defendants that also are asserted against

5

the Jefferson County defendants. These developments may assist the parties' efforts to decide which arguments have merit and which ones don't.

Finally, the Jefferson County defendants assert futility of amendment and direct the court to the arguments in their Motion for Judgment on the Pleadings. Doc. 108 at 5 n.2. They assert that the proposed amendments do not affect the court's ability to resolve their motion. *Id.* at 6. The futility of amendment factor ties in with the undue prejudice analysis, above, and the court finds judicial efficiency favors amendment here. If the Jefferson County defendants find it appropriate to reassert any arguments from their Motion for Judgment on the Pleadings after considering the developments in this case to date, including the court's previous Order on the motions to dismiss, they may do so. But, the court here finds amendment is justified and, thus exercises its discretion to grant plaintiff leave to amend his Complaint.

## IV. Conclusion

In sum, the court finds it will promote the interests of justice and judicial efficiency to grant plaintiff's Second Motion to Amend Complaint. Because the Jefferson County defendants' Motion for Judgment on the Pleadings will become moot upon the filing of plaintiff's Second Amended Complaint, the court denies the Motion for Judgment on the Pleadings. The court's denial is without prejudice to the Jefferson County defendants' right to reassert any challenges to the sufficiency of plaintiff's claims against them through a motion to dismiss or other timely motion, as directed at the Second Amended Complaint.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Second Motion to Amend Complaint (Doc. 106) is granted. Plaintiff shall file his Second Amended Complaint, with Roy Dunnaway removed as a named defendant, within 14 days of this Order's date.

**IT IS FURTHER ORDERED BY THE COURT THAT** the Jefferson County defendants' Motion for Judgment on the Pleadings (Doc. 102) is denied without prejudice.

**IT IS SO ORDERED.**

**Dated September 20, 2019, at Kansas City, Kansas.**

                                          **s/ Daniel D. Crabtree**
                                          **Daniel D. Crabtree**
                                          **United States District Judge**