UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FLOYD S. BLEDSOE,

Plaintiff,

v.                                                      Case No. 16-2296-DDC

JEFFERSON COUNTY, KANSAS, et al.,

Defendants.

## **ORDER**

Plaintiff Floyd S. Bledsoe brings this case for damages he suffered as a result of his wrongful conviction (and subsequent 15-year incarceration) for sexual abuse and murder of a child.  He alleges defendants conspired and framed him for the crime, despite their knowledge that his brother was the actual perpetrator.

Early in the case, the presiding U.S. District Judge, Daniel D. Crabtree entered an order denying motions to dismiss filed by defendants Michael Hayes, Jim Vanderbilt, Terry Morgan, Jim Woods, and George Johnson.[1]  Vanderbilt appealed that order, and the case was stayed pending the Tenth Circuit's decision.[2]   After the Tenth Circuit affirmed the order,[3] defendants Jeffrey Herrig, Randy Carreno, Troy Frost, and Robert Poppa, all of

---

[1] ECF No. 114.

[2] ECF No. 133.

[3] ECF No. 139.

1

O:\ORDERS\16-2296-DDC-172,174,175docx.docx

whom where officers for the Jefferson County Sheriff's Department (the "Jefferson County

Defendants"), filed a motion to dismiss asserting, among other things, qualified immunity

from suit.[4]  Judge Crabtree concluded the Jefferson County Defendants are not entitled to

qualified immunity, and granted in part and denied in part their motion to dismiss.[5]  On

December 17, 2020, the Jefferson County Defendants filed a notice of appeal challenging

the denial of qualified immunity.[6]  Shortly thereafter, the Jefferson County Defendants

moved to stay these proceedings pending a decision on their interlocutory appeal (**ECF

No. 172**).  Hayes and Vanderbilt separately filed motions to stay these proceedings pending

the conclusion of the interlocutory appeal (**ECF Nos. 174 and 175, respectively**).

For the reasons discussed below, the Jefferson County Defendants' motion is

granted in part and denied in part, and the motions of Hayes and Vanderbilt are denied.

The undersigned U.S. Magistrate Judge, James P. O'Hara, determines discovery should

proceed, in a limited manner, against the non-appealing defendants, and sets a status

conference to discuss the same.

As an initial matter, all parties recognize this court was divested of jurisdiction to

proceed on the claims asserted against the Jefferson County Defendants when those

---

[4] ECF No. 144.

[5] ECF No. 158.  In the same order, Judge Crabtree denied a challenge by the Board
of County Commissioners of Jefferson County, Kansas, to the municipal-liability claim
asserted against it.

[6] ECF No. 168.

O:\ORDERS\16-2296-DDC-172,174,175docx.docx

defendants filed their interlocutory appeal on qualified-immunity grounds.[7]   Plaintiff

acknowledges he may not pursue discovery against these defendants while the appeal is

pending, unless this court were to certify the appeal as frivolous.[8]  On May 7, 2021, Judge

Crabtree issued an order denying plaintiff's motion to certify the appeal as frivolous.[9]

Thus, to the extent the Jefferson County Defendants' motion requests the stay of

proceedings and discovery against *them*, it is **granted**.  The disputed issue before the court,

however, is whether the court should enter a discretionary stay as to the remaining, non-

appealing defendants.

When some, but not all, defendants file an appeal on qualified immunity grounds,

the district court retains jurisdiction over claims asserted against non-appellants.[10]  Here,

that includes plaintiff's claims against the non-appealing individual defendants (Hayes,

Vanderbilt, Morgan, Woods, and Johnson) and plaintiff's *Monell* claim against the

Jefferson County Board of County Commissioners.  Such claims will go forward regardless

---

[7] *See Stewart v. Donges,* 915 F.2d 572, 574 (10th Cir. 1990) (quoting *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982)) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

[8] *See* ECF No. 180 at 7-8.

[9] ECF No. 197.

[10] *Walker v. City of Orem*, 451 F.3d 1139, 1152 (10th Cir. 2006) (holding qualified immunity appeal "only divested the district court of jurisdiction over claims against the individual officers" and not claims against the non-appealing municipal defendant sheriff's office).

O:\ORDERS\16-2296-DDC-172,174,175docx.docx

of the outcome of the pending appeal.  This court has broad discretion to decide whether

to stay discovery as to those claims while the interlocutory appeal is pending.[11]

Discovery stays generally are discouraged because they interfere with the plaintiff's

interest "in bringing the case to trial."[12]  The Tenth Circuit has cautioned that "the right to

proceed in court should not be denied except under the most extreme circumstances."[13]

However, the court has recognized that a stay may be justified when the moving

defendant's interests outweigh those of the plaintiff or when a stay would result in

significant efficiencies for the parties or the court.[14]  Under this second consideration, the

court stayed the proceedings in this court the first time the case made its way to the Tenth

Circuit in 2017. [15]  The court found that because the claims asserted herein are significantly

---

[11] *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *McCormick v. City of Lawrence*, 218 F.R.D. 687, 693 (D. Kan. 2003).

[12] *Clinton,* 520 U.S. at 707.

[13] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.,* 713 F.2d 1477, 1484 (10th Cir. 1983) (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971)).

[14] *See Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Kendall State Bank v. Fleming*, No. 12-2134-JWL, 2012 WL 3143866, at *2 (D. Kan. Aug. 1, 2012) (quoting *Landis*, 299 U.S. at 254) ("In exercising this discretion, courts 'must weigh competing interests and maintain an even balance.'").

[15] ECF No. 133.

4

O:\ORDERS\16-2296-DDC-172,174,175docx.docx

intertwined, it would be impracticable to move forward with some aspects of the case during Vanderbilt's interlocutory appeal.[16]

So, there's no question the court could continue to completely stay these proceedings during the instant appeal.  But after much consideration, the court has determined the more prudent course is to move forward with *limited* discovery to position this case on the track toward trial.  The circumstances are materially different now than they were the last time the court considered the issue.  First, and most importantly, the court is very cognizant of the fact that five years now have passed since plaintiff filed this action, yet the case is still in its infancy—discovery has not even begun.[17]  As this court has recognized, "staying discovery as to all Defendants has consequences to Plaintiff in that there are risks that witnesses' memories will fade, witnesses may relocate, and documents may get misplaced or destroyed."[18]  The events giving rise to this case occurred more than twenty years ago.  The potential prejudice plaintiff may suffer from delaying this case increases as time passes.

Second, none of the moving defendants have demonstrated that a significant burden would befall them if limited discovery proceeds.  Movants make general arguments about

---

[16] *Id.*

[17] The parties argue over who to fault for the delay, but fault is really a tangential issue.  The fact remains that this case has languished, and this plaintiff, like all plaintiffs, has a right to adjudication of his claims in a timely manner.  *See* Fed. R. Civ. P. 1.

[18] *Howse v. Atkinson*, No. 04-2341-GTV, 2005 WL 994572, at *2 (D. Kan. Apr. 27, 2005).

O:\ORDERS\16-2296-DDC-172,174,175docx.docx

the need to prevent the waste of resources, but ultimately they don't detail any burden.  For example, the Jefferson County Defendants complain they will "expend resources in monitoring" any un-stayed discovery involving the non-appealing defendants,[19] but they don't explain this statement in light of the fact that they are represented by the same counsel as the Jefferson County Board of Commissioners, who presumably already will be monitoring the case.  The court acknowledges there is discovery that will necessarily be put on hold while the stay as to the Jefferson County Defendants is in effect.  Still, the court doesn't envision the "duplicative" discovery forecast by movants.  Movants appear to be most concerned with the prospect of having to "reconvene[] and substantially re-do" depositions conducted during the appeal.[20]  But the court has decided not to permit depositions during this time.  In the court's view, it is most efficient to allow the *limited* discovery that may proceed, to proceed.

The Jefferson County Defendants assert they "necessarily would have to participate" in discovery served on non-appellants, "thus eliminating their right not to stand trial based on qualified immunity."[21]  Yet, noticeably, they provide no support or explanation for this argument.  Similarly, Hayes and Vanderbilt's argument that they cannot "adequately defend" themselves against plaintiff's conspiracy claims without

---

[19] ECF No. 188 at 7.

[20] ECF No. 187 at 6.  *See also* ECF No. 175 at 4 n.2.

[21] ECF No. 173 at 4.

O:\ORDERS\16-2296-DDC-172,174,175docx.docx

"involving" the Jefferson County Defendants in discovery[22] is a red herring.  Even if the Jefferson County Defendants are deemed immune from suit, an issue will remain in this case as to whether Hayes and Vanderbilt conspired with them to strip plaintiff of his rights. Discovery on this issue is relevant (and will be permitted) with or without the Jefferson County Defendants in this suit.

When the court stayed this case during the first appeal, the burden-on-defendants factor was not directly considered because plaintiff did not oppose the request for a complete stay of the proceedings.[23]  Upon specifically considering the issue now, however, the court finds defendants have demonstrated no meaningful burden.  Moreover, under the limited discovery the court foresees proceeding with at this time, no meaningful burden is likely to arise.

Finally, the court is not persuaded it will save itself a significant amount of effort by granting a blanket stay of the proceedings.  "It is far more likely that a stay would only postpone the court's work, thereby frustrating the court's strong interest in moving its docket."[24]  In any event, any convenience the court might gather from a stay does not outweigh the potential prejudice to plaintiff that would result.

---

[22] ECF No. 186 at 3.  *See also* ECF No. 175 at 5 (noting Vanderbilt's files relating to plaintiff's prosecution are "in the hands of the Jefferson County Defendants").

[23] ECF No. 133 at 1.

[24] *Spears v. Mid-Am. Waffles, Inc*., No. 11-2273-CM, 2012 WL 12837278, at *3 (D. Kan. Mar. 8, 2012) (quoting *FDIC v. Renda*, No. 85–2216, 1987 WL 348635, at *5 (D. Kan. Aug. 6, 1987)).

O:\ORDERS\16-2296-DDC-172,174,175docx.docx

Considering all the facts, the court believes it  is now time to move forward with the start of discovery so that there will be no further delays in setting a trial on the merits of plaintiff's claims upon the resolution of the interlocutory appeal.  The motions requesting a blanket stay of discovery are **denied**.

IT IS THEREFORE ORDERED that the Jefferson County Defendants' motion to stay proceedings (ECF No. 172) is granted in part and denied in part.  That is, the motion to stay is granted only to the limited extent of proceedings and discovery directly against the Jefferson County Defendants.  Otherwise, their stay motion is denied.

IT IS FURTHER ORDERED that the stay motions by Hayes (ECF No. 174) and Vanderbilt (ECF No. 175) are denied.

IT IS FURTHER ORDERED that a telephonic discovery status conference is hereby set for **May 14, 2021, at 9:00 a.m.** before the undersigned judge, to discuss with the non-appealing parties the nature and scope of non-deposition discovery the court will permit during the pendency of the pending appeal.  Of course, the Jefferson County Defendants are welcome to monitor this conference, but the court is not requiring them to so do.  The court expects all counsel who will be actively participating in the upcoming conference to confer in good faith beforehand to see what agreements might be reached and also to help identify the remaining areas in dispute that need to be discussed during the conference; a joint status report must be e-mailed by counsel to the undersigned's chambers no later than **12:00 noon on May 13, 2021**. **All parties and counsel participating in this phone**

8

**conference are directed to dial the conference center line 888-363-4749, using access**

**code 8914911 to join the conference.**

Dated May 10, 2021, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

O:\ORDERS\16-2296-DDC-172,174,175docx.docx