IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FLOYD S. BLEDSOE, )<br>)<br>Plaintiff, )<br>)<br>v.  )<br>)<br>JEFFERSON COUNTY, KANSAS, et al. )<br>)<br>Defendants. )<br>) | Case No. 16-2296-DDC-JPO |

**PLAINTIFF'S FIRST AMENDED RESPONSE TO DEFENDANT HAYES'
FIRST SET OF INTERROGATORIES**

Plaintiff Floyd Bledsoe, by and through his attorneys, pursuant to Rule 33 of the Federal Rules of Civil Procedure, responds as follows to the KBI Defendants' First Set of Interrogatories.

**Amended Responses**

1.   Please identify the facts and evidence, as well as any witnesses, that support your claim in Paragraph 21 of your Second Amended Complaint that Defendant Hayes "acted as a state actor."

**AMENDED ANSWER**:   Plaintiff objects that this Interrogatory is propounded at the outset of discovery and before Plaintiff has had the opportunity to depose the relevant witnesses. Plaintiff further objects that this interrogatory is overly broad and unduly burdensome. *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 544 (D. Kan. 2006) (request for all facts in support of a paragraph in a complaint is overly broad and unduly burdensome on its face); *Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006) ("contention interrogatories" are overly broad and unduly burdensome on their face if they seek "all facts" supporting a claim or defense, such that the answering party is required to provide a narrative account of its case).

Defendant Hayes participated in the conspiracy, along with the other Defendants, to

frame Floyd for crimes that his brother Tom committed. Ample evidence implicates Tom Bledsoe in the murder and rape of Arfmann. *See*, e.g., Hayes 8-16 (Tom's suicide note admitting that he raped and murdered Arfmann); JC 2384 (Tom's semen identified in Arfmann's vagina); Plaintiff FB 001302 (Tom's statement that "I know where Camille is. And when you get this message, I'm going to turn myself in to the police…I wish I never did it. I hurt the church, I hurt God, most of all, I let everyone down. All I can say is, I'm sorry. I'll pay for the rest of my life for what I've done…Please forgive me…Please help mom and dad through this…I wish I could turn the clock back, but I can't. I made my choice. I wish I didn't. I'm sorry.").

Defendant Hayes participated in the conspiracy to frame Floyd in partnership with the State, and not in the traditional adversarial position of a defense attorney. *See* JC 2570 (during KBI review of the Arfmann homicide investigation "several questions regarding the relationship between Hayes, former JFSO Sheriff Dunnaway, and former Jefferson County Attorney Jim Vanderbilt have been raised…"); *id.* (Defendants Hayes and Carreno discussed the KBI review of the homicide investigation in 2016, but immediately afterwards Hayes "couldn't be bothered" to be interviewed about the investigation); JC 15722-15813 (Defendant Hayes's private discussion with Defendant Dunnaway). For example, Defendant Hayes allowed law enforcement to be present with his client without his own presence or participation which indicates a degree of cooperation with law enforcement which is not part of the traditional defense attorney role. JC 2111-2117 (Tom's waiver of his right to remain silent and his attorney's presence with Defendant Hayes's "prior approval"); JC 2307-2308 (Tom Bledsoe's waiver of his *Miranda* warnings signed by Defendants Hayes & Carreno).

Defendants Hayes and Carreno enlisted Defendant Vanderbilt in the scheme,

who was indebted to Hayes for assisting him with litigation. *See* JC 2558-2563 ("Hayes was more likely to persuade Vanderbilt into dismissing the case against T.E. Bledsoe… Vanderbilt was having financial problems and 'womanizing' trouble…Hayes was helping Vanderbilt with litigation at the time of the initial investigation…the relationship between Hayes and Vanderbilt probably allowed the dismissal to occur."); JC 15321 (referencing Hayes's conflict in the Arfmann homicide case); Hayes 19-20 (Hayes continued to represent Vanderbilt subsequent to Floyd's conviction).

As the centerpiece of their scheme, the Defendants fabricated, orchestrated, and staged a false recantation by Tom that implicated Floyd. Defendants Hayes, Vanderbilt, and/or various Defendant Officers planned Tom's recantation before it ever occurred, constructed its false narrative, and coached Tom to recite it. JC 2003-2008 (describing meeting of Defendants, including Hayes, Hayes presenting Poppa with a weapon at burial site, Defendants discovering Arfmann's body at the location indicated by Tom Bledsoe); JC 2009-2053 (Tom's inculpatory statements and presence at the police station with Defendant Hayes, Tom led Defendants to the burial site, Tom's "recantation," with Defendant Hayes present, Floyd pled with Tom to tell the truth and Tom responding "they know," and "they already know, sorry"); JC 2091 (Defendant Hayes coordinated collection of guns from Floyd L. Bledsoe on behalf of investigators); JC 2650-2655 (The gun Defendant Hayes presented to investigators was never subjected to ballistics testing and does not match the casing identified by Tom's suicide note); JC 2558 ("DAG BRADEN did recall walking into a meeting between VANDERBILT and the defense attorney of T.E. BLEDSOE, Mike HAYES. . . . . about T.E. BLEDSOE did not kill ARMANN but was covering for F.S. BLEDSOE because he was afraid that F.S. BLEDSOE would tell people he was caught having sex with a dog. DAG BRADEN said that it seemed that the next

course of events was everyone recalculating whether it was appropriate to charge and subsequently the charges against T.E. BLEDSOE were dismissed."); Plaintiff FB 10798-10804 (polygraph reports for Tom and Floyd); Hayes 7, JC 3260 (dropping of charges against Tom and charges filed against Floyd). Tom was easily manipulated by Defendants. JC 2296-2298 (Tom Bledsoe received disability); JC 2283-2284 (Tom Bledsoe was "a little slow."). Shortly before Tom recanted his truthful confessions and falsely implicated Floyd, Defendant Hayes warned Floyd that he was going to take Tom off the "hot seat" and put Floyd on it, or words to that effect. Plaintiff and Defendant Hayes are witnesses to that conversation.

The authors of any of the above-cited reports as well as any persons identified therein may provide supporting or additional evidence. Investigation continues.

2. Please identify the facts and evidence, as well as any witnesses, that support your claim in Paragraph 21 of your Second Amended Complaint that Defendant Hayes "acted in concert with, in joint engagement with, and as a willful agent for other Defendants."

**AMENDED ANSWER**: See Plaintiff's Response to Interrogatory No. 1. Investigation continues.

3. Please identify the facts and evidence, as well as any witnesses, that support your claim in Paragraph 21 of your Second Amended Complaint that Defendant Hayes "and the other Defendants reached a meeting of the minds and acted conspiratorially."

**AMENDED ANSWER**: Please see Plaintiff's Response to Interrogatory No. 1. Investigation continues.

4. Please identify the facts and evidence, as well as any witnesses, that support your claim in Paragraph 21 of your Second Amended Complaint that Defendant Hayes "directly schemed with, conspired with, and collaborated with the Defendant Officers and Defendant Vanderbilt, rather than maintaining an adversarial relationship with them."

**AMENDED ANSWER**: Please see Plaintiff's Response to Interrogatory No. 1. Investigation continues.

5. Please identify the facts and evidence, as well as any witnesses, that support your claim in Paragraph 21 of your Second Amended Complaint that Defendant Hayes lent significant aid to the other Defendants that went beyond the traditional role of a defense attorney."

**AMENDED ANSWER**: Please see Plaintiff's Response to Interrogatory No. 1. Investigation continues.

6. Please identify the facts and evidence, as well as any witnesses, that support your claim in Paragraph 48 of your Second Amended Complaint that Defendant Hayes participated in a "meeting" to "put into action their scheme."

**AMENDED ANSWER**: Please see Plaintiff's Response to Interrogatory No. 1. Investigation continues.

7. Please identify the facts and evidence, as well as any witnesses, that support your claim in Paragraph 50 of your Second Amended Complaint that Defendant Hayes "conspired with Defendant Carreno to pin the murder on Floyd and to obtain false statements from Tom in support."

**AMENDED ANSWER**: Please see Plaintiff's Response to Interrogatory No. 1. Investigation continues.

8. Please identify the facts and evidence, as well as any witnesses, that support your claim in Paragraph 51 of your Second Amended Complaint that Defendant Hayes and Defendant Carreno "found a willing ally in Defendant Vanderbilt."

**AMENDED ANSWER**: Please see Plaintiff's Response to Interrogatory No. 1. Investigation continues.

9.      Please identify the facts and evidence, as well as any witnesses, that support your claim in Paragraph 51 of your Second Amended Complaint that "Defendant Vanderbilt was indebted to Hayes, who was helping Vanderbilt avoid his legal exposure for Vanderbilt's appropriation of County funds for personal use."

**AMENDED ANSWER**: Please see Plaintiff's Response to Interrogatory No. 1. Investigation continues.

10.     Please identify the facts and evidence, as well as any witnesses, that support your claim in Paragraph 54 of your Second Amended Complaint that Defendant Hayes, Defendant Vanderbilt and/or various Defendant Officers "planned Tom's recantation before it ever occurred, constructed its false narrative, and coached Tom – who was easily manipulable – to recite it."

**AMENDED ANSWER**: Please see Plaintiff's Response to Interrogatory No. 1. Investigation continues.

11.     Please identify the facts and evidence, as well as any witnesses, that support your claim in Paragraph 55 of your Second Amended Complaint that Defendant Hayes "sought Floyd out and told him that Hayes was taking Tom off the 'hot seat' and putting Floyd on, or words to that effect."

**AMENDED ANSWER**: Please see Plaintiff's Response to Interrogatory No. 1. Investigation continues.

    Respectfully submitted,

    /s/Josh Loevy
    *One of Plaintiff's Attorneys*

Jon Loevy
Russell Ainsworth
Ruth Brown
Theresa Kleinhaus
Joshua Loevy
LOEVY & LOEVY
312 North May Street, Suite 100
Chicago, IL 60607
(312) 243-5900

**CERTIFICATE OF SERVICE**

I, Josh Loevy, an attorney, certify that on February 15, 2022, I served the foregoing document on counsel of record using electronic mail.

/s/ Josh Loevy
*One of Plaintiff's Attorneys*