```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF KANSAS


FLOYD S. BLEDSOE,

    Plaintiff,

    v.                                Case No. 16-CV-02296-DDC-JPO

JEFFERSON COUNTY, KANSAS,
et al.,                               Kansas City, Kansas
                                      Date:  18 January, 2022
    Defendants.

........................

            TRANSCRIPT OF TELEPHONE CONFERENCE
           BEFORE THE HONORABLE JAMES P. O'HARA
               UNITED STATES MAGISTRATE JUDGE
```

---

Proceedings recorded by machine shorthand,
transcript produced by computer-aided transcription.

```
 1                         A P P E A R A N C E S

 2    For the Plaintiff:

 3    Ms. Theresa Kleinhaus
      LOEVY & LOEVY
 4    311 North Aberdeen
      Third Floor
 5    Chicago, Illinois 60607

 6    For the Defendants Jefferson County, Kansas, Board of
      Commissioners; Randy Carreno; Troy Frost; Robert Poppa; and
 7    Jeffrey Herrig:

 8    Mr. Eric Turner                    Mr. Michael J. Norton
      FOULSTON SIEFKIN, LLP              FOULSTON SIEFKIN, LLP
 9    32 Corporate Woods, Suite 600      1551 North Waterfront Parkway
      9225 Indian Creek Parkway          Suite 100
10    Overland Park, Kansas 66210        Wichita, Kansas 67206

11    For Defendant Jim Vanderbuilt:

12    Mr. Patric S. Linden
      CASE LINDEN, PC
13    2600 Grand Boulevard
      Suite 300
14    Kansas City, Missouri 64108

15    For Defendant Jim Woods, Terry Morgan, and Estate of George
      Johnson:
16
      Mr. Shon D. Qualseth
17    OFFICE OF THE ATTORNEY GENERAL
      120 Southwest 10th Avenue
18    Second Floor
      Topeka, Kansas 66612
19
      For Defendant Michael Hayes:
20
      Mr. Vincent M. Cox
21    CAVANAUGH, BIGGS, & LEMON, PA
      3200 Southwest Huntoon
22    Topeka, Kansas 66604

23

24

25
```

```
                        P R O C E E D I N G S
           THE COURT:  At this time the Court calls the civil
action styled Floyd S. Bledsoe versus Jefferson County, Kansas,
and others, Case No. 16-2296.  Parties appear through counsel
that was just noted by the courtroom deputy.
           The record should reflect that we're convened this
afternoon pursuant to an order I entered back on December 13,
2021, as ECF No. 259, and specifically we'll be discussing
objections served by Defendant Hayes relative to the
plaintiff's opening set of contention interrogatories.
           Specifically for Plaintiff and Defendant Hays, wish to
argue further the issues that were summarized in the material
that was submitted informally to chambers?
           MR. COX:  Your Honor, this is Vince Cox.  I'm counsel
for Defendant Michael Hayes.  Just to make sure, these are
Mr. Hayes' first set of interrogatories to the plaintiff that
were then objected to, and so I on behalf --
           THE COURT:  You're right.  Go ahead.  I'm sorry.
           MR. COX:  Right.  So, yeah, I on behalf of Mr. Hayes
have -- I have been working with Ms. Kleinhaus who's on the
call and we have been speaking through these issues and trying
to get them resolved, but we've just reached an impasse.
           And just to provide by a way of a little bit of
background why these interrogatories in my opinion are of such
particular importance, my client, Mr. Hayes, his role in the
```

1  underlying case was that he was a private attorney that was
2  appointed as a public defender for Tom Bledsoe.
3          Prior to this lawsuit being filed against Mr. Hayes, I
4  mean, he was, again, a private Kansas lawyer of general good
5  reputation and good standing, and of course this lawsuit
6  alleges some very serious claims against him including
7  fabricating testimonial evidence, conspiring to do that,
8  malicious prosecution, and conspiracy to deprive constitutional
9  rights.
10         I do not believe that Mr. Hayes has been implicated in
11 any wrongdoing by any of the documents or information that's
12 been produced so far in this case by any of the parties.  He's
13 not even implicated in the -- what's been referred to as the
14 Tom Bledsoe suicide note, which the plaintiff's second amended
15 complaint relies upon fairly heavily.
16         Our position is that, you know, certainly under Rule
17 11, the plaintiff had an obligation to know that their
18 allegations against Mr. Hayes had some factual proof or some
19 factual backing, and so that leads to the interrogatories that
20 we're talking about today.
21         On behalf of Mr. Hayes, I was trying to obtain the
22 material facts regarding some specific allegations that are
23 made by the plaintiff in the second amended complaint, tried
24 to -- you know, we tried to narrowly tailor these
25 interrogatories as much as possible.  We just asked for

1    specific allegations from specific portions of a number of the
2    paragraphs in the second amended complaint.
3              And our position would be, which I think is supported
4    by the case law of the district, is that the plaintiff's
5    specific objections here are not sustainable, and so what we've
6    asked is that the plaintiff withdraw those objections and then
7    either, you know, supplement -- obviously supplement the
8    interrogatory answers if needed or I suppose stand on them as
9    they are with the objections withdrawn.
10             THE COURT:  Okay.  Mr. Cox, let me ask you two
11   questions.  And I appreciate your correcting my transposition
12   of the parties here on this particular discovery dispute.
13             But I guess, first and foremost, am I correct that
14   although you as it relates to Mr. Hayes technically have until
15   January 28th to file a motion to compel, are you seeking a
16   ruling up or down on the objections today based on the written
17   materials submitted and the arguments that might be presented?
18             MR. COX:  You know, Judge, not really.  I anticipated
19   this as being more of an informal discovery conference.  Of
20   course when there's multiple parties involved and multiple
21   defendants, you know, you get -- maybe it's a more formal
22   setting now that we have multiple parties on the line, but
23   really I was hoping to have some sort of informal resolution,
24   Your Honor, but if you are inclined to officially rule up or
25   down, I wouldn't be opposed to that either.

1          THE COURT: I guess I'm agnostic on that issue. I
2   guess I just wanted to clarify whether you intended to,
3   regardless of what might be said today, reserve your client's
4   right to file a formal motion to compel on or before
5   January 28th, and if you do, that's fine. I just want to know
6   what the basic rules of engagement the parties anticipate being
7   today.
8          MR. COX: Yeah, I think I would, you know, want to
9   resolve that opportunity to, you know, to make that decision
10  after our call.
11         THE COURT: Okay. Fair enough.
12         Second question, as it relates to these contention
13  interrogatories, would you acknowledge that under
14  well-established district precedent that you refer to Defendant
15  Hayes is a little bit out over his skis in terms of not
16  restricting the various contention interrogatory to the
17  principal or material facts supporting the plaintiff's
18  contentions?
19         MR. COX: Yeah, Your Honor, I would concede that we
20  didn't use the specific terms material or principal. You know,
21  I've looked at a number of cases about this issue to make sure
22  that I wasn't completely out of bounds. I don't know if those
23  magic words are necessarily required, and maybe, Your Honor,
24  you would have a different position on that. But I would agree
25  that the case law talks about contention interrogatories

1  requiring a response involving principal and material facts,
2  and our interrogatories don't use those specific terms.
3           THE COURT:  In other words, if the Court, whether it
4  be through a brokered resolution today or on a formal motion
5  ruling later, if the Court were to indicate that the objections
6  stated by the plaintiff were overruled, you'd acknowledge that
7  all he need do in answering the subject interrogatories is
8  state the principal or material facts; would that be a fair
9  statement?
10          MR. COX:  I agree to that, and that in fact would be
11 an acceptable resolution of this issue for Defendant Hayes.
12          THE COURT:  Ms. Kleinhaus, do you wish to present any
13 argument beyond that which you presented in the written
14 submission to chambers?
15          MS. KLEINHAUS:  Yes, Your Honor.  Thank you.
16          Mr. Cox is correct that we've had a few conversations
17 about this and have been working hard to try to resolve it.
18 Unfortunately, we just haven't been successful, so we
19 appreciate you taking the time to speak with us today.
20          Plaintiff's position is that we have provided the
21 material facts.  Plaintiff has outlined in his responses the
22 basis for his allegations against Defendant Hayes.  Now,
23 Defendant Hayes may view those facts differently.  He may take
24 a different position, but there's no question that we've
25 explained the basis of the allegations.  We've provided the

1  material facts.

2          Each of the contention interrogatories that Defendant
3  Hayes served relates to a paragraph in the complaint that has
4  to do with the conspiracy claim, and obviously conspiracy
5  claims involve, at least at trial, proving them involves some
6  inferences from the fact-finder.  So we can provide everything
7  that we consider material facts and we have.  Now, Defendant
8  Hayes may draw different conclusions from those facts, and
9  that's always going to be the case particularly for a
10 conspiracy claim.

11         I would also note that given the current stage of
12 discovery, because we have some limitations on the type of
13 discovery we can do right now while the appeal is pending, we
14 provided the material facts and the information commensurate
15 with the stage of discovery that we're in.  So from our
16 perspective, you know, if Defendant Hayes want a specific Bates
17 range that outlines all the ways he's participated in the
18 conspiracy, you know, that doesn't exist.  It's not going to
19 exist for a conspiracy claim, and we've provided the material
20 facts that at this stage, you know, are available to the
21 parties.

22         So from our perspective we've fully complied and we're
23 in line with the district precedent around, you know, providing
24 the material facts in support of our allegations.

25         THE COURT:  Okay.  I gather that we have a bunch of

1  interested bystanders representing other defendants in the
2  case.  Mindful that none of the other defendants technically
3  have a dog in this particular fight, is there anybody else that
4  has any comments that they think would be beneficial to
5  advancing the ball on this issue?
6          Okay --
7          MR. QUALSETH:  You know, I was waiting for someone
8  else to step in, but this is Shon Qualseth.  I've had similar
9  objections raised to my interrogatories and documents and
10 similar responses as far as, hey, you know, go look at the
11 documents that's already been produced.  And there have been
12 over 10,000 pages of documents and I've asked plaintiff to
13 point me to documents to support the claims against my KBI
14 agent clients and they've not done so.  And that's fine.  If
15 they can't do it, that's fine.  It would be nice to get a
16 statement that says there are none.  And in a couple responses
17 we did get that statement.  There are none; we'll see what
18 happens in discovery.
19         You know, I think just the plaintiff's response in
20 looking at the joint response, you know, there's a claim Hayes
21 met with the other defendants.  Well, that's a very specific
22 claim, and there should be details and there should be
23 witnesses to that that will testify about it.  I think I just
24 heard that there's no documents or evidence of conspiracy and
25 it comes from inferences.  Well, what?  Who's going to testify?

1  I mean, that information should be disclosed in the initial
2  disclosures.
3         There's a claim Defendant Hayes acted in concert with
4  defendant Vanderbilt.  Well, what was said?  How?  In what way?
5  I don't think it's too extreme or burdensome to ask for some
6  sort of proof or evidence of that.  I've asked for that from
7  the plaintiff, and I have not gotten any.  That's all I have to
8  say.
9         THE COURT:  Okay.  Anybody else?
10        Mr. Cox, I'll let you reply to anything that
11 Ms. Kleinhaus indicated.
12        MR. COX:  No.  I guess I would echo largely what
13 Mr. Qualseth had just stated, and so I don't need to repeat
14 that.  I feel like we've asked about the very specific topics
15 that seem to would have specific answers, and we haven't gotten
16 those.
17        My other response would be Ms. Kleinhaus said she
18 believes they've complied with what they've stated, but I don't
19 believe the answers are in compliance because, again, they
20 state -- they state objections and then answer the
21 interrogatories subject to objections, which I hadn't even
22 raised that issue yet, but I believe that essentially waives
23 the objections anyways.
24        So I think those would be two responses I have.
25        MS. KLEINHAUS:  Your Honor, this is Ms. Kleinhaus for

1   the plaintiff again.  As far as Mr. Qualseth's opinions of the
2   adequacy of our discovery responses, you know, we're happy to
3   take that up with him.  My understanding of today's call was
4   limited to Defendant Hayes' responses.
5            I did want to just correct one statement from
6   Mr. Qualseth.  I never implied that all there is to support a
7   conspiracy is inferences, but what I explained was there are a
8   number of facts that we provided to defendants and different
9   fact-finders can come to different conclusions about that.
10           So and as far as whether answering subject to
11  objections is acceptable, that's -- this is the first that I'm
12  hearing of that concern with regard to these -- this set of
13  interrogatories.
14           THE COURT:  Okay.  Anybody else for the good of the
15  order before I weigh into this mess?
16           Okay.  Well, as I indicated before in visiting with
17  Mr. Cox, I do believe the interrogatories as framed are
18  overbroad in the sense that they're not cabined to calling for
19  the principal or material facts.  But having said that and
20  construing them going forward at least as requiring only the
21  principal or material facts, Ms. Kleinhaus, I respectfully
22  disagree with your fairly constrained view of what's allowable
23  discovery at this stage of the case.
24           I don't believe any of the objections asserted by the
25  plaintiffs are meritorious, and I'm going to explain why and

1  I'll provide some citations.  You know, in preparation for this
2  conference in the hope that we might be able to avoid for the
3  parties and counsel the expense, delay, the aggravation of
4  formal motion practice, I asked her to pull together just some
5  basic materials that come from literally dozens, if not
6  hundreds of discovery opinions that I've issued in the last
7  22 years.  And we're not riding on any new ground here.
8         But very generally, preliminary with note the
9  contention interrogatories of this sort are expressly permitted
10 by Rule 33(a)(2) of the rules of civil procedure which states
11 that in pertinent part that interrogatory is not objectionable
12 merely because it asks for an opinion or contention that
13 relates to fact or the application of law to fact.
14        And under cases decided in our district, these type of
15 interrogatories are designed to narrow and define issues for
16 trial and to enable the propounding party, in this case
17 Defendant Hayes, to determine the proof required to rebut the
18 responding parties', in this case the plaintiff's, dedition.
19        With regard to the burdensomeness of the -- subject to
20 interrogatories, you know, the plaintiff hasn't carried his
21 burden in any way, shape, or form.  Undue burden is very easy
22 to argue, but it's a fairly difficult objection to sustain or
23 at least to establish with the evidence in the record.  And I
24 haven't seen anything in the record that suggests that these
25 things are unreasonable.

1           You know, all of these interrogatories are
2  specifically limited to particular allegations in the complaint
3  as opposed to sometimes what we see is contention
4  interrogatories and say something like give me all evidence
5  that supports your case.  Well, that's obviously unmanageable.
6           But here the plaintiff has chosen to make some very
7  specific and, indeed as Mr. Cox has pointed out, pretty serious
8  allegations against a practicing lawyer, and if the plaintiff
9  has evidence to back that up, great.  If the plaintiff doesn't,
10 that shall we say is not great.  But in any event, these are
11 not unduly burdensome.
12          To the extent that they've asked for identification of
13 witnesses -- and this touches on what Mr. Qualseth was talking
14 about before, which kind of highlighted my concern even before
15 we got on this line.  You know, if the plaintiff is contending,
16 as he has, that Hayes met with certain people, okay, who did he
17 meet with?  Where did he meet?  When did he meet?  Who
18 witnessed it?  What documents support that?  Et cetera.
19          And again, it's time for the plaintiff to put up or
20 shut up, and if he doesn't have any evidence to put up, he may
21 be facing an early summary judgment motion notwithstanding the
22 stage of discovery at this point.
23          I do agree to some extent with what Ms. Kleinhaus has
24 indicated in terms of, you know, conspiracy, whether it be in a
25 civil or criminal case, largely being dependent upon inferences

1   drawn from other facts, but you at least need to line out those
2   other facts from which the ultimate inferences of conspiracy
3   are predicated.
4           With regard to the timing of these interrogatories and
5   the assertion that they're premature, I do see notably that
6   plaintiff has cited cases from the District of New Mexico, and
7   with no disrespect intended to another district within the
8   Tenth Circuit, those cases cannot and have not been squared
9   with longstanding precedent in the District of Kansas.  So I
10  mean, I have to believe that the plaintiff was aware of
11  District of Kansas precedent but chose not to follow it.
12          In that regard -- and this comes back to this issue
13  about subject to and without waiving type of responses to
14  written discovery requests, you know, I have thought in
15  preparation for this conference that we had had a discussion
16  about this issue in one of the earlier scheduling conferences.
17  And I believe I pulled at least the most extended discussion
18  from our conference back on May 14, 2021.  And after listening
19  to the audiotape of that, I don't believe we covered this.
20          But nevertheless under cases that I decided I think in
21  the first instance and my fellow magistrate judges have
22  followed in the district for several years, subject to and
23  without waiving type responses are improper, they're inherently
24  confusing, and I do, as Mr. Cox indicated operate, a waiver or
25  can operate a waiver of any legitimate objections.

1        Now, to be clear I am not basing my comments today on
2   any waiver by the plaintiff, but I do think that the objections
3   that were stated are just not supportable.
4        In terms of the contention -- or I guess the objection
5   that all of the evidence being requested is equally available
6   to Hayes as it is to plaintiff so Hayes ought to go look
7   presumably at the 10,000 pages of documents and figure it out,
8   that's not a legitimate objection under Rule 33, and I don't
9   believe in any district is that proper.
10       Hayes, and it sounds like Mr. Qualseth's client too,
11  has asked for what evidence the plaintiff can identify that
12  supports these claims, and whether it's equally available to
13  Hayes to go get it, that's another issue.  In terms of
14  identification of the evidence, that's properly called for by
15  the interrogatory.
16       And finally, with regard to work product objections,
17  that's, you know -- that's bound up in this whole issue about
18  whether contention interrogatories are proper in the first
19  place.  It used to be probably 30, 40 years ago that contention
20  interrogatories were held by many courts to be violating of the
21  work product protection, but that's not the current law, and
22  there's been nothing placed before me at this point that would
23  suggest that calling upon the plaintiff's lawyers to identify
24  evidence would in any way violate their work product protection
25  in this case.

1           So bottom line of all this is that I think it fair to
2   say that it is highly likely that if a motion to compel was
3   filed by Defendant Hayes on or before January 28th, that all
4   the objections stated in the plaintiff's responses to Hayes'
5   interrogatories would be overruled.
6           Now, I've not seen the briefing, and it's possible
7   that Mr. Cox may snatch defeat out of the jaws of victory here
8   or it may be that Ms. Kleinhaus comes up with something a lot
9   more persuasive than what has been presented in written or oral
10  form to date, but I would like to have these interrogatories
11  answered in the case, move on at least as to the non-appealing
12  parties as soon as that's possible.
13          Now, if anybody has any questions about where the
14  Court is coming from, I'll be happy to deal with that now.
15          Mr. Cox, how about you?
16          MR. COX:  I do not have any further questions.  Thank
17  you, Your Honor.
18          THE COURT:  Ms. Kleinhaus?
19          MS. KLEINHAUS:  Nothing further from the plaintiff,
20  Your Honor.  Thank you.
21          THE COURT:  Mr. Qualseth, since you chimed in,
22  anything else you wish to ask or comment on?
23          MR. QUALSETH:  Nothing further, Judge.  I think you've
24  made your position as of today very clear.
25          THE COURT:  Okay.  Without polling all the other

1   lawyers on the line, anybody else have any questions about
2   where we're going from this point?
3              Okay.  Counsel, thank you for your time and efforts.
4   I do -- do hope and trust that you can get this worked out, but
5   again if I've misapprehended the issues based on the limited
6   submission to date, I guess we'll be writing on it especially
7   to that point.
8              But I think it's fair to say, Ms. Kleinhaus, that if
9   motion practice ensues, you've got a steep hill to climb on
10  some of these objections.
11             With that, we'll stand adjourned.  You all have a good
12  afternoon.  Take care.
13             (The proceedings were adjourned.)
14
15
16
17
18
19
20
21
22
23
24
25

C E R T I F I C A T E

I, Danielle R. Murray, a Certified Court Reporter and the regularly appointed, qualified, and acting official reporter of the United States District Court for the District of Kansas, do hereby certify that the foregoing is a true and correct transcript from the stenographically reported proceedings in the above-entitled matter.

SIGNED 28th day of January, 2022

/s/Danielle R. Murray
DANIELLE R. MURRAY, RMR, CRR
United States Court Reporter