UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FLOYD S. BLEDSOE,

                Plaintiff,

v.                                                    Case No. 16-2296-DDC-ADM

JEFFERSON COUNTY, KANSAS, et al.,

                Defendants.

## ORDER

Plaintiff Floyd S. Bledsoe brings this case for damages he suffered as a result of his wrongful conviction (and subsequent 15-year incarceration) for sexual abuse and murder of a child. He alleges defendants conspired and framed him for the crime, despite their knowledge that his brother was the actual perpetrator. The case is before the court today upon the parties' joint submission of a proposed schedule governing remaining discovery.

Before reaching the parties' scheduling request, a brief summary of the case's procedural history is in order. Plaintiff filed this action back on May 10, 2016. (ECF 1.) Early in the case, defendants Michael Hayes, Jim Vanderbilt, Terry Morgan, Jim Woods, and George Johnson filed separate motions to dismiss. (ECF 76, 80, 83, 85, 86.) On August 4, 2017, the presiding U.S. District Judge, Daniel D. Crabtree, denied the motions. (ECF 114.) Vanderbilt appealed that decision, and the court stayed the case pending the Tenth Circuit's ruling. (ECF 133.) The Tenth Circuit affirmed Judge Crabtree's order on August 16, 2019. (ECF 139.)

With the court's leave, plaintiff filed an amended complaint on September 27, 2019. (ECF 141.)  In response, defendants Randy Carreno, Jeffrey Herrig, Troy Frost, and Robert Poppa, all of whom where officers for the Jefferson County Sheriff's Department (the "Jefferson County Defendants"), filed a motion to dismiss asserting, among other things, qualified immunity from suit. (ECF 144.)  On November 18, 2020, Judge Crabtree entered an order granting the motion in part and denying it in part, and finding that the Jefferson County Defendants are not entitled to qualified immunity.[1]  (ECF 158.)  The Jefferson County Defendants appealed the portion of the order denying them qualified immunity, sending the case back to the Tenth Circuit.  (ECF 168.)

On December 21, 2020, Hayes, Vanderbilt, and the Jefferson County Defendants moved to stay these proceedings pending a decision on the appeal.  (ECF 172, 174, 175.) Noting the age of the case and recognizing that "the potential prejudice plaintiff may suffer from delaying this case increases as time passes," the court granted only a limited stay. (ECF 198.)  Specifically, the court recognized that the appeal divested it of jurisdiction to proceed on the claims against the Jefferson County Defendants, but ordered written discovery to proceed on the claims against the non-appealing defendants "so that there will be no further delays in setting a trial on the merits of plaintiff's claims upon the resolution of the interlocutory appeal." (*Id.* at 2, 8.)  The court directed the parties to submit, within

---

[1] In the same order, Judge Crabtree denied a challenge by the Board of County Commissioners of Jefferson County, Kansas, to the municipal-liability claim asserted against it.

14 days of the Tenth Circuit's ruling on the appeal, a proposed schedule for completing all other discovery.  (ECF 258, at 2.)

On November 15, 2022, the Tenth Circuit issued an opinion affirming Judge Crabtree's holding that the Jefferson County Defendants are not immune from suit. *Bledsoe v. Carreno*, 53 F.4th 589 (10th Cir. 2022) (affirming denial of qualified immunity on Bledsoe's substantive constitutional claims and conspiracy and personal-participation theories of liability, and reversing denial of qualified immunity on Bledsoe's failure-to-intervene theory of liability).  The parties then timely submitted, via email to the undersigned judge's chambers, their proposed schedule for concluding discovery.  The parties request that the court bifurcate fact and expert discovery, with fact discovery closing on July 31, 2023, and expert discovery beginning on that date and closing on November 31, 2023.  The parties state that the timing in their proposed schedule is based on the great number of depositions they anticipate taking and on likely difficulties locating witnesses and securing records, given that underlying events occurred more than 20 years ago.

The court appreciates the parties' explanation regarding the complexities of the case and their perceived need for such a lengthy discovery period.  However, the court expects the parties to complete discovery much more expeditiously than proposed.  The number of years that have passed since the events at issue transpired supports expediting discovery, not delaying it.  Moreover, given the case's unique procedural posture, including that the case was filed more than six years ago and that limited discovery has been ongoing since May 2021, it needs to move swiftly toward resolution.

As such, the court orders the parties, by **December 15, 2022,** to meet and confer, and then to submit a proposed scheduling order (using the form available on the court's website) that sets an overall discovery completion date of May 31, 2023, including expert discovery. The court will convene a scheduling conference on **December 22, 2022, at 1:00 p.m.** in Kansas City Courtroom 232. At the conference, the parties should be prepared to present a detailed plan to complete discovery by the May 31 deadline, including proposed deadlines for substantial completion of document production, a deposition schedule that is largely complete, and a list of any other interim deadlines that would be helpful and/or steps the court can take to help move this case to conclusion.

IT IS SO ORDERED.

Dated December 2, 2022, at Kansas City, Kansas.

 s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge