UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FLOYD S. BLEDSOE,

    Plaintiff,

    v.

JEFFERSON COUNTY, KANSAS, et al.,

    Defendants.

Case No. 16-2296-DDC-ADM

**ORDER**

This matter comes before the court on the parties' Joint Motion and Notice of Stipulation to Defer Discovery into Individual Defendants' Financial Condition Subject to Court Approval and Joint Motion to Amend Agreed Protective Order. (ECF 279.) For the reasons below, the motion is denied to the extent that it seeks court approval of a delayed discovery plan, but granted to the extent that it seeks to amend the definition of "Confidential Information" in the protective order.

**I.    Delayed Discovery**

The motion states that plaintiff Floyd Bledsoe entered into agreements with defendants James Woods, Terry Morgan, Estate of George Johnson, Randy Carreno, Troy Frost, Robert Poppa, Jeffrey Herrig, Jim Vanderbilt, and Michael Hayes (the "Individual Defendants") to defer discovery of the Individual Defendants' financial conditions, including net worth, until after entry of the pretrial order and within four weeks of the completion of briefing summary judgment motions. The parties ask the court to approve this agreement. (*Id.* at 1.) The court declines to do so. The court does not share the parties' views that such discovery is premature

and should be deferred.  Thus, the motion is denied to the extent that it seeks court approval of a delayed discovery plan.

Notwithstanding this ruling, however, the parties may agree to conduct discovery beyond the discovery deadline so long as it does not delay briefing or ruling on dispositive motions or other pretrial preparations.  The parties may memorialize their agreement via a Federal Rule of Civil Procedure 29 stipulation without the need for court involvement.  Although discovery may be conducted beyond the discovery deadline, the court will not be available to resolve any disputes that arise during the course of such extended discovery.

## II.     Amending Protective Order

The second request in the motion asks the court to amend the definition of "Confidential Information" in paragraph 2 of the protective order (ECF 202-1, at 2-3) to include specified financial documents and information that will be subject to their financial discovery.  The court finds good cause to expand the protective order to cover this information.  Accordingly, this part of the motion is granted, and paragraph 2 of the protective order is amended to read as follows:

> **2.     Definition of Confidential Information.** As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use are restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties. For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents:
>
> - Protected health information,
>
> - Personal identifying information,
>
> - Documents and information relating to a party's income, assets/liabilities, net worth, financial condition, or financial status (including, but not limited to: (a) Income tax returns including W-2 or 1099 forms, (b) account statements, (c) loan applications and contracts, (d) paystubs and payroll records, (e) trust documents, (f)

2

profit/loss statements, (g) financial statements, (i) lease agreements, and (j) insurance contracts or policies having any cash surrender value),

- Personnel files,

- Jefferson County Sheriff's Office policies and procedures containing trade secrets or confidential material protected from public disclosure by state or federal law,

- Investigation files that include confidential material protected from public disclosure by state or federal law,

- Criminal history information and criminal investigation records restricted from dissemination by K.S.A. 22-4701 to 22-4711, and

- Records if disclosure is prohibited or restricted by state or federal statute.

Information or documents that are available to the public may not be designated as Confidential Information.

IT IS THEREORE ORDERED that the parties' Joint Motion and Notice of Stipulation to Defer Discovery into Individual Defendants' Financial Condition Subject to Court Approval and Joint Motion to Amend Agreed Protective Order (ECF 279) is granted in part and denied in part, as set forth above.

Dated January 27, 2023, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge