AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Kansas

| FLOYD S. BLEDSOE | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:16-cv-02296 |
| Board of County Commissioners of Jefferson County, KS, et al. | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Kansas Bureau of Investigation - ATTN: Legal Division
1620 SW Tyler Street, Topeka, KS 66612

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached rider

| Place: Appino & Biggs Reporting Service, Inc.<br>5111 SW 21st Street<br>Topeka, KS 66604 | Date and Time:<br>03/1/2023 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 2/8/2023

*CLERK OF COURT*

OR

_____          /s/Ruth Brown
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff
Floyd S. Bledsoe , who issues or requests this subpoena, are:

Ruth Brown, Loevy & Loevy, 311 N. Aberdeen St., 3rd Floor, Chicago, IL, 60607, 312-243-5900, ruth@loevy.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Exhibit A**

Case 2:16-cv-02296-DDC-ADM   Document 281-1   Filed 02/02/23   Page 2 of 7

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:16-cv-02296

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Exhibit A**

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FLOYD S. BLEDSOE, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:16-CV-02296-DDC-JPO |
| ) | |
| v. ) | |
| ) | |
| JEFFERSON COUNTY, KANSAS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### SUBPOENA RIDER

### DEFINITIONS

1. The Term "Kansas Bureau of Investigation" or "KBI" shall refer to the Kansas Bureau of Investigation, and its subdivisions, departments, agencies, subsidiaries, elected officials, corporate officers, and any other constituent entity within its control, such as the Field Investigations Division, Special Operations Division, Forensic Laboratory Division, Information Services Division, and Information Technology, and shall also refer to all counsel, consultants, experts, investigators, representatives, agents or other Persons acting its behalf, where the clear meaning is not destroyed by the addition.

2. The term "Document" shall have the broadest possible meaning under the Federal Rules of Civil Procedure and shall include any handwritten, typed, photographed, computerized, electronic, audio, video, or other graphical matter, regardless of how it is printed, stored or reproduced, in your possession, custody, or control, or known by you to exist, whether or not claimed to be privileged or otherwise excludable from discovery, and shall include any Communications documented in any way. Any Documents with any marks or notations, including but not limited to initials, routing instructions, date stamps, and any comments, marking or notation of any character, is to be considered a separate document. In addition, for any Document consisting of electronically stored information, each electronically stored version of that Document and all electronically stored information relating to that Document shall be considered a separate document.

### INSTRUCTIONS

1. These requests seek all responsive Documents within the possession, custody, or control of the Kansas Bureau of Investigation, including all responsive Documents stored within any of its departments, units, or subdivisions, including but not limited to the Field Investigations Division, Special Operations Division, Forensic Laboratory Division, Information Services Division, or Information Technology, and any storage warehouses, rooms, repositories, or other areas containing responsive Documents.

Exhibit A

2. Documents that are stored electronically shall be produced in their native format together with all metadata and other information associated with each document in its native electronic format.

3. If there are no Documents in your possession, custody, or control responsive to a particular request, please so state and identify the particular request for which you have no responsive Documents in your possession, custody, or control.

4. In the event that any Document requested or identified herein has been destroyed or lost, please identify the Document destroyed or lost, its contents, the approximate date of each Document's destruction or loss, the identity of the persons who last observed the Document prior to its destruction or loss, and the reason for its destruction or circumstances of its loss.

5. In the event that you claim a privilege regarding any of the information sought through this subpoena, please state the privilege claimed and provide sufficient information, including the type of information that has been withheld as purportedly privileged, so that the claim of privilege may be adjudicated. Please provide a privilege log of any and all Documents that you have withheld on the basis of the privilege asserted, including the number of pages in each document withheld, the type of document withheld, the date(s) of the document withheld, so that the claim of privilege may be adjudicated.

6. If you object to any definition of any term used by Plaintiff in a document request as vague or ambiguous, please clarify the scope of available documents based on your own reasonable interpretation of Plaintiff's request, including providing any counter-definitions. If you contend that any terms used in this request are vague or overbroad, please produce with your response all documents that you agree fall within the scope of proper discovery, as required by Rule 34(b)(2)(C). Please also identify in writing with your responses any categories of documents actually or potentially withheld, as required by Rule 34(b)(2)(C).

## REQUESTS

1. Documents sufficient to identify the cases initiated by, assigned to, and/or worked on by George Johnson between July 1, 1998 and December 31, 1999, such as:

- weekly and/or monthly activity reports or calendars reflecting investigative activities by George Johnson; or,
- lists, printouts, logs, or case management information as to cases that required a polygraph, or were worked on by George Johnson, or opened by George Johnson, or backlogs that needed to be addressed by George Johnson.

2. Documents sufficient to identify, pursuant to the KBI's case management system, the criminal cases opened between July 1, 1998 and December 31, 1999 that listed George Johnson as the assigned agent.

3. From the KBI's case management system, for criminal cases opened between July 1, 1998 and December 31, 1999:

**Exhibit A**

      a.      A copy of all case assignment cards that reflect George Johnson as the assigned agent and/or reference George Johnson or a polygraph in the "comment" section of the card.

      b.      A copy of all case summary reports, or case prosecution reports, that reference George Johnson and/or a polygraph.

4. George Johnson's "control case file" and/or "unit case for polygraphs." The timeframe for this request is July 1, 1998 and December 31, 1999.

5. Any check-out log for polygraph equipment that was maintained by the KBI, or similar document reflecting the use, check-out, possession, and/or return of such polygraph equipment. The timeframe for this request is any responsive document that reflects use of polygraph equipment between July 1, 1998 and December 31, 1999.

6. For each polygraph examination conducted by George Johnson between July 1, 1998 and December 31, 1999, please produce the complete case file for the associated case. In the alternative, please produce the following from each associated case file:

    a. All reports generated by the polygraph device and/or examiner, including but not limited to stimuli readings;

    b. All reports and/or notes generated by the polygraph examiner, including but not limited to all handwritten notes and supplemental reports;

    c. All police reports or field notes associated with the underlying criminal investigation;

    d. All reports making mention of the polygraph exam; and,

    e. Any documents signed by the subject of the polygraph exam, including but not limited to consent forms, Miranda waivers, and any statements or confessions made to police.

    f. Any indexes or lists of materials in the case file.

Respectfully submitted,

**FLOYD S. BLEDSOE**

BY: /s/ Josh Loevy
*One of Plaintiff's Attorneys*

Jon Loevy
Russell Ainsworth

3

Exhibit A

Ruth Z. Brown
Theresa Kleinhaus
Joshua Loevy
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607
Phone: 312-243-5900
Fax: 312-243-5902

**Exhibit A**