5/15/2023

1 (1 - 4)

## MICHAEL C. HAYES, VOL. 2

### Page 1

1 .
2     IN THE UNITED STATES DISTRICT COURT
3         FOR THE DISTRICT OF KANSAS
4 .
5 .
6 FLOYD BLEDSOE,
7     Plaintiff,
8     vs.        Case No. 2:16 CV 02296
9 JEFFERSON COUNTY, KS,
10 et al.,
11     Defendants.
12 .
13 .
14         VOLUME 2
15     VIDEOTAPED DEPOSITION OF
16       MICHAEL C. HAYES,
17 taken on behalf of the Plaintiff, pursuant to
18 Notice to Take Deposition, beginning at 11:50 a.m.
19 on the 15th day of May, 2023, at the law offices
20 of Cavanaugh, Biggs & Lemon, 3200 Southwest
21 Huntoon, in the City of Topeka, County of Shawnee,
22 and State of Kansas, before Cori R. Power, CCR,
23 CVR, Kansas License No. 1739, Missouri License No.
24 1436.
25 .

### Page 2

1         APPEARANCES
2 .
3 .
4 ON BEHALF OF THE PLAINTIFF:
5 .
6   Ms. Ruth Brown (via videoconference)
7   Loevy & Loevy
8   311 North Aberdeen Street, 3rd Floor
9   Chicago, IL
10  312-243-5900
11  ruth@loevy.com
12 .
13 .
14 ON BEHALF OF DEFENDANTS MORGAN, WOODS
15 & JOHNSON ESTATE:
16 .
17  Mr. Shon D. Qualseth
18  Ms. Milesha Segun
19  State of Kansas
20  120 Southwest 10th Avenue, 2nd Floor
21  Topeka, KS 66612
22  785-296-2215
23  shon.qualseth@ag.ks.gov
24  milesha.segun@ag.ks.gov
25 .

### Page 3

1 ON BEHALF OF DEFENDANT HAYES:
2 .
3   Mr. Vincent M. Cox
4   Cavanaugh, Biggs & Lemon
5   3200 Southwest Huntoon Street
6   Topeka, KS 66604
7   785-440-4000
8   vcox@cavlem.com
9 .
10 .
11 ALSO PRESENT:
12 .
13   Mr. Efrain Soto, Videographer
14 .
15 .
16 .
17 .
18 .
19 .
20 .
21 .
22 .
23 .
24 .
25 .

### Page 4

1         INDEX
2 .
3 .
4 Certificate --------------------------- 46
5 .
6 .
7         WITNESS
8 ON BEHALF OF PLAINTIFF:            PAGE
9 MICHAEL C. HAYES
10 Direct-Examination by Ms. Brown      5
11 .
12         EXHIBITS
13 DEPO EXHIBIT NO.:              MARKED
14 No 260  Defendant Michael Hayes's
15     Supplemental Responses to Plaintiff's
16     First Set of Interrogatories     9
17 No 262  Legal Documents, Simmons 000061
18     through 000067                  34
19 No 267  Journal Entry of Judgment Decree
20     of Divorce, JCDC 000004 through
21     000009                          33
22 .
23 REPORTER NOTE: Quoted text is as stated by the
24 speaker.
25 .



Appino Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street
Topeka, KS 66604
785-273-3063
www.appinobiggs.com

6420 W. 95th Street
Suite 101
Overland Park, KS 66212
913-383-1131

800 E. 1st Street
Suite 305
Wichita, KS 67202
316-201-1612

EXHIBIT 7

Page 9

1    MS. BROWN: Okay. If you could --- if you
2 could hand the witness Exhibit 260.
3    THE REPORTER: Is this a newly marked
4 exhibit or previously marked?
5    MS. BROWN: Yes.
6    THE REPORTER: Which one? I'm sorry. Is
7 it a new exhibit or a previously marked?
8    MS. BROWN: It's --- it was previously
9 marked in this case. It's 260. You should have
10 a copy of it already.
11    THE REPORTER: I do. I just wasn't sure
12 if it needed to be attached to this transcript, or
13 if it was already in the record is all. Thank
14 you.
15    MS. BROWN: Oh, it's --- it's new for the
16 first time in this deposition. It wasn't used at
17 any prior depositions.
18    (THEREUPON, Hayes Deposition Exhibit
19 No 260 was marked for identification.)
20 BY MS. BROWN:
21    Q. Okay. Mr. Hayes, do you have a copy of
22 Exhibit 260 in front of you?
23    A. Yes, ma'am.
24    Q. Okay. And do you recognize this document
25 as your supplemental response to plaintiff's first

Page 10

1 set of interrogatories, No. 11?
2    A. Yes, ma'am.
3    Q. Okay. So according to this interrogatory
4 response, you represented Jim Vanderbilt in
5 Jefferson County Case No. 1999-D-160, and you also
6 represented Jeffrey Herrig in Jefferson County
7 Case Nos. 1993-D-102 and 2002-D-50; is that
8 correct?
9    A. Yes, ma'am.
10    Q. Okay. And is it your testimony that you
11 did not initially disclose these representations
12 in your prior response to this interrogatory
13 because you did not recall them?
14    A. That is correct, ma'am.
15    Q. Okay. Okay. Other than Case No. 1999-D-
16 160, which is Jeff --- Jim Vanderbilt's divorce
17 case, have you ever filed a document in any other
18 court case on behalf of Jim Vanderbilt?
19    A. Not that I'm aware of or have a memory
20 of. That's the reason attorneys keep files so
21 they can look at a file, and I destroyed all my
22 files when I closed my office in 2013.
23    Q. Okay. So you --- to your knowledge you've
24 never --- have you ever represented Jim Vanderbilt
25 in any other legal matter besides his divorce

Page 11

1 case?
2    MR. COX: I'm going to object to the
3 extent it calls for attorney-client privilege.
4    If there's any publicly-known representations
5 of Mr. Vanderbilt, you can answer.
6    A. Not that I have any memory of or any file
7 on.
8 BY MS. BROWN:
9    Q. Okay. You represented Jim Vanderbilt in
10 his divorce case; correct?
11    A. Yes, ma'am.
12    Q. And you also represented Jim Vanderbilt
13 in a matter before the Jefferson County Board of
14 Supervisors regarding his use of county funds; is
15 that correct?
16    A. No, ma'am.
17    Q. Okay. What's not --- not correct about
18 that statement?
19    A. I did not represent Mr. Vanderbilt.
20    Q. Okay.
21    A. I was the county counselor for the
22 Jefferson County Commissioners.
23    Q. I see. So you were not representing Jim
24 Vanderbilt in --- in regards to his use of county
25 funds?

Page 12

1    A. That is correct.
2    Q. And you were representing who?
3    A. I was the county counselor for the
4 Jefferson County Board of County Commissioners.
5    Q. Okay. So who was ---
6    A. Myself and my wife.
7    Q. Who was your client?
8    A. The Board of County Commissioners of
9 Jefferson County.
10    Q. Okay. Did you ever speak on behalf of
11 Jim Vanderbilt in regards to that matter?
12    A. Not on behalf of Mr. Vanderbilt. I spoke
13 on behalf of the Jefferson County Board of County
14 Commissioners.
15    Q. Okay. So aside from Jim Vanderbilt's
16 divorce, have you told me about any
17 representations of Jim Vanderbilt that you had in
18 which you made any sort of disclosure, public
19 disclosure, of the representation to anyone
20 besides Mr. Vanderbilt?
21    A. I don't understand your question.
22    Q. Sure. Have you represented Jim
23 Vanderbilt in any other case in which you made any
24 sort of public disclosure of the representation
25 other than Mr. Vanderbilt's divorce?