```
                    STATE OF KANSAS
                    JEFFERSON COUNTY                      1
        IN THE DISTRICT COURT OF JEFFERSON COUNTY, KANSAS

                    '00 JAN 14 PM 2 17

                    [signature]
    State of Kansas      CLERK OF DIST COURT  Plaintiff

        vs                          Case No. 99CR325

    Floyd Scott Bledsoe              Defendant


                    VOLUME ONE of TWO

                    T R A N S C R I P T

                    (Preliminary Hearing)


    Proceedings had before the Honorable Dennis L.
Reiling, District Magistrate Judge, Second Judicial
District, Jefferson County, Kansas on the 29th of November,
1999.


                    A P P E A R A N C E S

    The State appears by Jim Vanderbilt, Jefferson County
Attorney.  Defendant appears in person by and through his
attorney, John R. Kurth, 701 Kansas, 2nd Floor, Atchison,
Kansas 66002.  Gerald Kuckleman, 701 Kansas, 2nd Floor,
Atchison, Kansas 66002 appears as co-counsel for the
defendant.


                    THE COURT:    Okay.  This is the Jefferson
```



ALICE L. HENNING
JEFFERSON COUNTY TRANSCRIPTIONIST.

EXHIBIT 10

INDEX - VOLUME 1

Witnesses:         (Plaintiff's)

|    |                  | Direct | Cross | Redirect | Recross |
|----|------------------|--------|-------|----------|---------|
| 1. | Thomas Bledsoe   | 15     | 51    | 76       | 89-90   |
| 2. | Detective Randy Carreno | 91 | 100 |          |         |
| 3. | Detective Troy Frost | 120 | 123 |          |         |

EXHIBITS

|    |                | Offered | Ruled On |
|----|----------------|---------|----------|
| 1. | 35 Photographs | 95      | 96       |
| 2. | Map            | 130     | 130      |

```
IN THE DISTRICT COURT OF JEFFERSON COUNTY, KANSAS


State of Kansas                              Plaintiff

    vs                                       Case No. 99CR325

Floyd Scott Bledsoe                          Defendant
```

VOLUME TWO

(PAGES 131 - 224)

T R A N S C R I P T

(Preliminary Hearing)

Proceedings had before the Honorable Dennis L. Reiling, District Magistrate Judge, Second Judicial District, Jefferson County, Kansas on the 29th of November, 1999.

A P P E A R A N C E S

The State appears by Jim Vanderbilt, Jefferson County Attorney. Defendant appears in person by and through his attorney, John R. Kurth, 701 Kansas, 2nd Floor, Atchison, Kansas 66002. Gerald Kuckleman, 701 Kansas, 2nd Floor, Atchison, Kansas 66002 appears as co-counsel for the defendant.

```
 1
 2                    INDEX - VOLUME 2
 3
 4   Witnesses:       (Defendant's)
 5                    Direct    Cross    Redirect    Recross
 6   1. Sergeant
 7      Robert Poppa   131      140       143
 8   2. Deputy
 9      Heather Kyle   144
10   3. Robin Meyer    149      152       161         163
11   4. Richard Zule   164      174       178
12   5. Jim Bolinger   179      185       193
13   6. Karen Edmonds  194      197       199
14   7. Jim Woods      201
15
```

ALICE L. HENNING
JEFFERSON COUNTY TRANSCRIPTIONIST

1  that if Floyd Bledsoe told those things chances are that
2  voice that they heard in the woods screaming was Camille.
3  We know the body in the ditch was. We know the body in the
4  ditch was consistent with what Floyd told him. I'd ask--
5  and the idea that there's no probable cause to believe that
6  based on the way that body was found and those pictures are
7  and that he said yes, no, it depends on whether you
8  consider that her breasts were exposed or however the
9  testimony is presented isn't enough to find that there's
10 probable cause to believe that an aggravated intimidation--
11 or aggravated indecent liberties didn't occur then don't
12 bind him over. Thank you.
13             THE COURT:    Well the Court does find from
14 the evidence that the crime in Count I, Murder in the First
15 Degree, has been committed. The Court for purposes of
16 preliminary hearing does find that there is reasonable
17 grounds to believe that Floyd Scott Bledsoe committed that
18 offense binding him over for arraignment. Count II, the
19 Court finds that it appears the crime of Aggravated
20 Kidnapping has occurred and there is reason to think or
21 probable cause to believe the defendant, Floyd Scott
22 Bledsoe, committed the offense as charged in Count II.
23 Additionally, in Count III, the Court finds that it does
24 appear that the crime of Aggravated Indecent Liberties With
25 a Child has occurred and there is reason to think or

220

1  probable cause to believe the defendant, Floyd Scott
2  Bledsoe, committed that offense binding him over on all
3  three counts. Arraignment date is set for December the 9th
4  at 9:30 a.m. before Judge Nafziger. We do have a matter of
5  bond to this point. Mr. Bledsoe has been held with no bond
6  with counsel's consent. Do you wish to address the issue
7  of bond today Mr. Kurth?
8         MR. KURTH:   Judge, we would. Judge, as you
9  know Mr. Bledsoe's family has ties to this community and
10 there is no evidence that Mr. Bledsoe is a flight risk of
11 any kind or nature. He has employment with Mr. Zule again
12 if he is able to be let out. We understand the nature of
13 the charges and the severity of them, but given his -- I
14 mean this is his home, no risk of flight and we ask that a
15 reasonable bond be set in this matter of course cash or
16 surety, but his wife is still here, his mother-in-law. The
17 whole family is here, Judge, and of course I don't know
18 which side his mother and father are on but I can guess,
19 but the family ties are here, Judge.
20         THE COURT:   Mr. Vanderbilt.
21         MR. VANDERBILT:   Judge, I think that based on
22 the evidence provided the Court has a -- has a dilemma here
23 and that we have a heinous crime of no reason to believe
24 and no motive. Today we don't have that motive presented
25 to you. It's more likely than not that Floyd Bledsoe did

it. In order to protect the public. The bond? He's not going to go anywhere. Risk of flight? Yes. He is charged with the most serious crime he could be charged with, was bound over on it. He was also bound over on a Level 1 and I believe a Level 4 felony. That's enough to push anybody out of the area. We don't know where he'd run to but that is what the bond in this case is for. The bond in this case is to protect other people from him. You cannot ensure the safety of Jefferson County, the people in Jefferson County or anyone else. He's not going to do it again without him being held in jail. Under those circumstances I think that the only reasonable thing to do is to set bond at least $500,000 if it's going to be brought down from a no bond. I request that it remain no bond. Another request that I'd make is that the arraignment be set for January 13 and not December 9th.

    MR. KURTH: We'd like to do this as quick as possible if he's going to be sitting in jail. If the 9th is Judge Nafziger's date that's what we'd like to do.

    THE COURT: As far as the arraignment date that would need to stay on the next arraignment date for Judge Nafziger unless there is an agreement otherwise or unless Judge Nafziger would do otherwise. As to the bond the Court will place a $500,000 cash or commercial bond. If Mr. Bledsoe is able to make that bond he would be

                                                              222

1    subject to a house arrest, subject to his going to and from
2    his employment if bond is made.  Is there anything further
3    we need to address ourselves to.
4            MR. VANDERBILT:    Nothing from the State.
5            THE COURT:    Mr. Kurth.
6            MR. KURTH:    Nothing, Judge.
7            THE COURT:    We stand adjourned.  Thank
8    you.
9            THE COURT:    Exhibits 1 and 2 have been
10   requested to be returned.  Is there objection.
11           MR. KURTH:    No, Judge.
12           THE COURT:    State's Exhibits 1 and 2 are
13   returned.  Who do you wish those returned to Mr.
14   Vanderbilt?
15           MR. VANDERBILT:    Detective Randy Carreno.
16           THE COURT:    Okay.  Detective Randy
17   Carreno.  As to the map, State's Exhibit 2?
18           MR. VANDERBILT:    Ah--
19           THE COURT:    Just return to you.  Okay.
20   We'll return that to Mr. Vanderbilt.  Is Randy Carreno
21   still available?
22           MR. VANDERBILT:    Sergeant Poppa, could get
23   Randy Carreno?
24           SERGEANT POPPA:    I'm sorry.
25           MR. VANDERBILT:    Could you find Randy Carreno

223

1  and have him come to the Courtroom.
2      ****END OF PROCEEDINGS

ALICE L. HENNING
JEFFERSON COUNTY TRANSCRIPTIONIST

JC_015812

224

C E R T I F I C A T E

I, Alice L. Henning, transcriptionist for the Jefferson County District Court in the 2nd Judicial District of the State of Kansas, do hereby certify that the within and foregoing is a correct and complete transcription of the hearing heard before the Honorable Dennis L. Reiling, District Magistrate Judge of the Second Judicial District at Oskaloosa, Kansas, on the 29th day of November, 1999 in Case No. 99CR325, State of Kansas vs. Floyd Scott Bledsoe.

Dated: January 13, 2000.

*Alice L. Henning*
Alice L. Henning

ALICE L. HENNING
JEFFERSON COUNTY TRANSCRIPTIONIST