UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FLOYD S. BLEDSOE,

                Plaintiff,

v.                                                                   Case No.  16-2296-DDC-ADM

JIM WOODS, ESTATE OF GEORGE JOHNSON,
TERRY MORGAN, and MICHAEL HAYES,

                Defendants.

**MEMORANDUM IN SUPPORT OF
DEFENDANT MICHAEL HAYES' MOTION TO EXCLUDE PORTIONS OF EXPERT
TESTIMONY OF J. NICK BADGEROW AND**

Defendant Michael Hayes submits the following Memorandum in Support of his Motion to Exclude Portions of Expert Testimony of J. Nick Badgerow.

**I.    FACTUAL BACKGROUND**

Plaintiff has disclosed an Expert Report of J. Nick Badgerow.  (The Expert Report of J. Nick Badgerow is attached hereto as Exhibit 1).  Mr. Badgerow's Report sets forth his opinions and conclusions related to Defendant Hayes.  *See*, Exhibit 1, pgs. 1-14.  Among the statement made in Mr. Badgerow's Report are the following:

> "42.    Attorney Hayes, at the instruction, or at least acquiescence, of his client, District Attorney Jim Vanderbilt, engaged in a strenuous examination of Floyd S. Bledsoe, in the presence of his other client, Thomas Bledsoe, and law enforcement officers.
>
> . . .

46. Given the dismissal of charges against Thomas Bledsoe and pursuit of charges against Floyd S. Bledsoe shortly after the November 12 videorecorded interview, Vanderbilt appears to have acquiesced to the conduct of attorney Hayes in his videotaped attacks against Floyd Bledsoe.

47. But for the conflicted representation of District Attorney Vanderbilt and Thomas Bledsoe, Attorney Hayes' improper conduct towards Floyd Bledsoe would likely not have been allowed by the sheriff's office or the prosecutor." Exhibit 1, pgs. 13-14.

## II. STATEMENT OF THE ISSUE

Are the statements and conclusions in paragraphs 42, 46 and 47 of Mr. Badgerow's Report inadmissible expert opinions because they are speculation?

## III. ARGUMENTS AND AUTHORITIES

### A. Applicable Standards

Federal Rules of Evidence 702 state as follows:

"A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Therefore, "[t]he subject of an expert's testimony must be 'scientific ... knowledge.' The adjective 'scientific' implies a grounding in the methods and procedures of science. Similarly,

the word 'knowledge' connotes more than subjective belief or unsupported speculation." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589–90, 113 S. Ct. 2786, 2795, 125 L. Ed. 2d 469 (1993).

"Daubert changed the law of evidence by establishing a 'gatekeeper' function for trial judges under Federal Rule of Evidence 702." *Goebel v. Denver & Rio Grande W. R.R. Co.*, 215 F.3d 1083, 1087–88 (10th Cir. 2000). "Faced with a proffer of expert scientific testimony, then, the trial judge must determine at the outset ... whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *Daubert*, 509 U.S. at 592, 113 S.Ct. 2786. "This gatekeeper function requires the judge to assess the reasoning and methodology underlying the expert's opinion, and determine whether it is scientifically valid and applicable to a particular set of facts." *Goebel*, 215 F.3d at 1087–88. "It is within the discretion of the trial court to determine how to perform its gatekeeping function under Daubert." *Id.*; *see also, Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 1176, 143 L.Ed.2d 238 (1999). "While the district court has discretion in the manner in which it conducts its Daubert analysis, there is no discretion regarding the actual performance of the gatekeeper function." *Goebel,* 215 F.3d at 1087–88; *see also Kumho Tire*, 119 S.Ct. at 1179 (Scalia, J., concurring).

"It is axiomatic that an expert, no matter how good his credentials, is not permitted to speculate." *Goebel,* 215 F.3d at 1088. "To be reliable under *Daubert*, an expert's scientific testimony must be based on scientific knowledge, which 'implies a grounding in the methods and procedures of science' based on actual knowledge, not 'subjective belief or unsupported speculation.'" *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1222 (10th Cir. 2003) (citing D*aubert*, 509 U.S. at 590).

3

**B. Paragraph 42 of Mr. Badgerow's Report Must Be Excluded**

In paragraph 42 of Mr. Badgerow's Report, he states: "Attorney Hayes, at the instruction, or at least acquiescence, of his client, District Attorney Jim Vanderbilt, engaged in a strenuous examination of Floyd S. Bledsoe, in the presence of his other client, Thomas Bledsoe, and law enforcement officers." Mr. Badgerow's statement that Mr. Hayes examined the Plaintiff "at the instruction, or at least acquiescence, of" Mr. Vanderbilt is unsupported speculation by Mr. Badgerow. Mr. Badgerow cites no facts or data to support this conclusion. There is no evidence that Mr. Vanderbilt instructed Mr. Hayes to examine the Plaintiff, or that Mr. Vanderbilt and Mr. Hayes had an agreement under which Mr. Hayes would examine the Plaintiff. There is also no evidence that there was any acquiescence on the part of Mr. Vanderbilt. Rather, this is merely speculation by Mr. Badgerow. He concedes that he does not know if it might have been at Mr. Vanderbilt's instruction or his acquiescence. Mr. Badgerow is just guessing and speculating. Therefore, Paragraph 42 of Mr. Badgerow's Report consists of inadmissible expert speculation, and it must be excluded from trial and all other proceedings in this case.

**C. Paragraph 46 of Mr. Badgerow's Report Must Be Excluded**

In Paragraph 46 of Mr. Badgerow's Report, he states that "[g]iven the dismissal of charges against Thomas Bledsoe and pursuit of charges against Floyd S. Bledsoe shortly after the November 12 videorecorded interview, Vanderbilt appears to have acquiesced to the conduct of attorney Hayes in his videotaped attacks against Floyd Bledsoe." Again, Mr. Badgerow's statement that there was some agreement or acquiescence between Mr. Vanderbilt and Mr. Hayes is unsupported speculation by Mr. Badgerow. Mr. Badgerow cites no facts or data to support this conclusion. There is no evidence that Mr. Vanderbilt instructed Mr. Hayes to examine the Plaintiff, or that Mr. Vanderbilt and Mr. Hayes had an agreement under which Mr.

4

Hayes would examine the Plaintiff. There is also no evidence that there was any acquiescence on the part of Mr. Vanderbilt. Rather, this is merely speculation by Mr. Badgerow. Therefore, Paragraph 46 of Mr. Badgerow's Report consists of inadmissible expert speculation, and it must be excluded from trial and all other proceedings in this case.

### D. Paragraph 47 of Mr. Badgerow's Report Must Be Excluded

Finally, in Paragraph 47 of Mr. Badgerow's Report, he states that "[b]ut for the conflicted representation of District Attorney Vanderbilt and Thomas Bledsoe, Attorney Hayes' improper conduct towards Floyd Bledsoe would likely not have been allowed by the sheriff's office or the prosecutor." Mr. Badgerow has no factual basis for this conclusion, and it is unsupported speculation by Mr. Badgerow. Mr. Badgerow cites no facts or data to support this conclusion. Mr. Badgerow says that Mr. Hayes' questioning of Plaintiff "would likely not have been allowed by the sheriff's office or the prosecutor". Mr. Badgerow is just guessing and speculating. He does not have facts or evidence to support this conclusion. Therefore, Paragraph 47 of Mr. Badgerow's Report consists of inadmissible expert speculation, and it must be excluded from trial and all other proceedings in this case.

### IV.     CONCLUSION

For the reasons stated above, the conclusions and opinions in Paragraphs 42, 46 and 47 of Mr. Badgerow's Report are inadmissible expert speculation and must be excluded from trial and all other proceedings in this case. Therefore, Defendant Michael Hayes respectfully requests this Court grant his Motion to Exclude Portions of Expert Testimony of J. Nick Badgerow.

                          /s/ Vincent M. Cox
                             Vincent M. Cox - 22051
                             CAVANAUGH, BIGGS & LEMON, P.A.
                             3200 SW Huntoon
                             Topeka, Kansas 66604
                             TEL: 785/440-4000
                             FAX: 785/440-3900
                             vcox@cavlem.com
                             ATTORNEYS FOR DEFENDANT
                             MICHAEL HAYES

CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of July 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                          /s/ Vincent M. Cox
                             Vincent M. Cox - 22051
                             CAVANAUGH, BIGGS & LEMON, P.A.
                             3200 SW Huntoon
                             Topeka, Kansas 66604
                             TEL: 785/440-4000
                             FAX: 785/440-3900
                             vcox@cavlem.com
                             ATTORNEYS FOR DEFENDANT
                             MICHAEL HAYES