# EXHIBIT 12

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| FLOYD S. BLEDSOE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:16-CV-02296-DDC-JPO |
| | ) | |
| v. | ) | |
| | ) | |
| JEFFERSON COUNTY, KANSAS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT MICHAEL HAYES' RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant Michael Hayes submits the following responses to Plaintiff's First Set of Interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure:

**INTERROGATORIES**

1. Please identify by name and address all Persons who, to the best of Your understanding, have knowledge of facts that relate to any of the claims or defenses in this action, including but not limited to all Persons who are not listed in the parties' Rule 26(a)(1) Initial Disclosures. For each Person with knowledge responsive to this Interrogatory, please describe with particularity any categories of facts known by each such Person relating to the claims and defenses in this action, including all categories of facts about which the Person may be competent to testify at trial.

If this Interrogatory is answered by incorporating Documents, please provide the identities of any additional Persons who are not listed in the Documents that you reference, as well as any categories of facts known to any witness relating to the claims or defense in this action that are not reflected in the Documents that you reference; in the event that you fail to do so, Plaintiff will assume the witnesses and the substance of their testimony is strictly limited to what is contained in the Documents that you reference.

**ANSWER: See Defendant Hayes' Rule 26(a)(1) Initial Disclosures.**

1

2.      Under oath, please identify all Complaints that have ever been made against you relating to your role as an attorney, including but not limited to any and all internal affairs, Administrative Investigations, intra- or inter-departmental, and citizen Complaints; any Complaints alleging dishonest behavior, lying under oath, witness manipulation, improper behavior during interrogations or interviews, conflicts of interest, fabrication or planting of evidence, concealment, destruction, or suppression of evidence, purposeful non-collection of evidence; and any lawsuits or administrative complaints filed in state or federal courts or agencies alleging police or prosecutorial misconduct. This request includes any Complaints made in connection with the Investigation of the Arfmann Murder, and any Complaints which presently remain pending. A complete answer to this Interrogatory will include, but is not limited to, the following information: (1) the date of each Complaint; (2) a detailed description of the nature of each Complaint; (3) an identifying number of each Complaint; (4) whether you provided any statements relating to the Complaint; and (5) how each Complaint was resolved, including whether you were disciplined in connection with the Complaint. If you do not possess an identifying number of a particular Complaint, please investigate and obtain it.

**ANSWER: Objection. This interrogatory is seeks information outside of the scope of permissible discovery under Rule 26(b)(1). This interrogatory seeks information that is not relevant to any party's claim or defense, and is not proportional to the needs of the case, in that it seeks information relating to events that are not related to this lawsuit, and that occurred before and after the events that are at issue in this lawsuit. Without waiving this objection, no complaints have been made against Defendant Hayes regarding the Arfmann Murder, other than this lawsuit.**

/s/Vincent M. Cox
Vincent M. Cox #22051

3.      Please identify every Communication in which you participated at any time with Plaintiff, Floyd L. Bledsoe Sr., Catherine Bledsoe, Heidi Bledsoe, and/or Gary Bledsoe. For each such Communication, please: (a) state with particularity the substance of the Communication; (b) identify everyone involved in the Communication; (c) provide the date of the Communication; and (d) state whether or not the Communication was memorialized in a police report or other Document. If you answer this Interrogatory by referring to Documents, please reference specific bates numbers and state under oath that the sum total of Communications responsive to this Interrogatory that you presently recall, after a diligent investigation, are contained in the Documents that you reference.

**ANSWER: I only had communication with Floyd L. Bledsoe, Sr. when he made a request to have me assist his son, Thomas Bledsoe, on November 7, 1999. I may have had contact with Floyd L. Bledsoe, Sr. on Sunday, November 8, 1999 regarding the search of his property by the Jefferson County Sheriff's Department. However, I do not know if any of my communications with Floyd L. Bledsoe, Sr. were memorialized in a police report or other document.**

2

      4.      Please identify every Communication in which you participated during the course of the Arfmann Murder Investigation with any actual or potential witness or suspect in the Arfmann Murder Investigation, including but not limited to Tom Bledsoe, Billy Summerville, Pat McKernans, Rosa Bolinger, James Bolinger, Heidi Bledsoe, Robin Meyer, Dorothy McClung, William Knoebel, Scott Harries, Richard Zule, Charles Summerville, Gil Crouse, Dale Arfmann Jr., Ruth Meyer, Floyd L. Bledsoe Sr., Brandi Wampler, Erik Mitchell, Catherine Bledsoe, Louis E. Gamble, Kevin S. Feleay, Donald Bolinger, Dan Ward, Karen Edmonds, Rebecca Wheatley, Annette McNary, Fred Smelser, Dan Courtney, Cody Bledsoe, Chris Bledsoe, Lynn Brown, Tammy Dressler, Michael Wagoneer, or Plaintiff. For each such Communication, please: (a) state with particularity the substance of the Communication; (b) identify everyone involved in the Communication; (c) provide the date of the Communication; and (d) state whether or not the Communication was memorialized in a police report or other Document. If you answer this Interrogatory by referring to Documents, please reference specific bates numbers and state under oath that the sum total of Communications responsive to this Interrogatory that you presently recall, after a diligent investigation, are contained in the Documents that you reference.

      **ANSWER: Objection, to the extent this interrogatory requests information that is subject to attorney-client privilege. Without waiving that objection, and as to non-attorney-client privileged communications, I had communication with Tom Bledsoe from November 7, 1999 through November 15, 1999. I was with Tom Bledsoe when he met with Jefferson County Sheriff Roy Dunaway, as well as Robert Poppa from the Jefferson County Sheriff's Office, and KBI agent Jim Woods, in a conference room at the Jefferson County Law Enforcement Center. On November 8, 1999 at 12:39 a.m., I accompanied Tom Bledsoe with Sheriff Dunnaway and other law enforcement officers to the residence of Floyd L. Bledsoe's in Jefferson County, Kansas where Zetta Arfmann's body was discovered. On November 12, 1999, I was present when Tom Bledsoe met with George Johnson of the Kansas KBI for a polygraph examination at the Jefferson County Law Enforcement Center. After completion of the examination of Tom Bledsoe and Floyd Bledsoe, I was advised that Tom Bledsoe was being truthful when answering the relevant questions, and that Floyd Bledsoe was being deceptive when answering the relevant questions. I was also advised that the case against Tom Bledsoe was going to be dismissed on Monday, November 15, 1999, and he would be released from jail that day. On December 4, 1999, I was present during the interview of Tom Bledsoe by Captain Carreno at the Jefferson County Law Enforcement Center which was video-taped. It is my understanding that these meetings with Tom Bledsoe were memorialized in a police report. Any other conversation I had with Tom Bledsoe would be an attorney-client communication, which would be subject to attorney-client privilege.**

      /s/Vincent M. Cox
      Vincent M. Cox #22051

5. Please identify every Communication in which you participated at any time, relating to the Arfmann Murder Investigation, with any Current or Former Individual Defendant; any forensic, DNA, laboratory or evidence analysts, agents, or employees; or any other employee or agent of Jefferson County, the Kansas Bureau of Investigation, any other governmental prosecution or law enforcement authority that had any involvement of any kind in the Arfmann Murder Investigation. For each such Communication, please: (a) state with particularity the substance of the Communication; (b) identify everyone involved in the Communication; (c) provide the date of the Communication; and (d) state whether or not the Communication was memorialized in a police report or other Document. If you answer this Interrogatory by referring to Documents, please reference specific bates numbers and state under oath that the sum total of Communications responsive to this Interrogatory that you presently recall, after a diligent investigation, is contained in the Documents that you reference.

**ANSWER: I have no recollection of any such communication, other than what would have been memorialized in a police report or other document.**

6. Were you present at or did you participate in any law enforcement or prosecutorial interview, questioning, or interrogation of Tom Bledsoe, or were you aware that any such interrogations or questioning had taken place? If your answer to this question is anything other than an unqualified "no," please describe your participation in or awareness of each and every law enforcement or prosecutorial interview, questioning, or interrogation of Tom Bledsoe, including all actions that you took; the circumstances of that interview, questioning, or interrogation; and all other Persons who participated in that interview, questioning, or interrogation. If you answer this Interrogatory by referring to Documents, please reference specific bates numbers and affirm under oath that the sum total of your responsive knowledge is contained in the Documents that you reference.

**ANSWER: As Tom Bledsoe's court-appointed attorney I was present during the interview of Tom Bledsoe by Randy Carreno on November 24, 1999 from 3:26 p.m. until 7:18 p.m. at the Jefferson County Law Enforcement Center. This interview was videotaped, and documented on pages 30, 31, 32 and 33 of the report written by Randy Carreno with regard to that interview. As Tom Bledsoe's court-appointed attorney, I was also present during the interview by of Tom Bledsoe by Randy Carreno on November 25, 1999 from 9:17 a.m. until 11:15 a.m. at the Jefferson County Law Enforcement Center. This interview was also videotaped and documented on pages 33 and 34 of the report written by Randy Carreno regarding that interview. Finally, as Tom Bledsoe's court-appointed attorney, I was also present during the interview of Tom Bledsoe on December 4, 1999 from 9:20 a.m. until 10:31 a.m. at the Jefferson County Law Enforcement Center. This interview was also videotaped and documented on pages 34, 35 and 36 of the report written by Randy Carreno regard to that interview.**

7.      Do You contend that Plaintiff murdered Camille Arfman? If so, please state the complete factual basis supporting Your contention and specifically identify all witnesses or physical, documentary, or testimonial evidence that supports Your contention.

**ANSWER:  I was only the court-appointed counsel for Tom Bledsoe, and I am not in a position to offer any opinion on this matter.**

8.      Do You contend that Plaintiff was an accomplice or accessory to the Arfmann murder or assisted in concealing the crime in any way? If so, please state the complete factual basis supporting Your contention and specifically identify all witnesses or physical, documentary, or testimonial evidence that supports Your contention.

**ANSWER:  I was only the court-appointed counsel for Tom Bledsoe, and I am not in a position to offer any opinion on this matter.**

9.      For any affirmative defenses that you have asserted or will assert in this matter (for example, failure to mitigate damages or qualified or absolute immunity), please describe the entire factual basis supporting each such defense and specifically identify any witnesses or physical, documentary, or testimonial evidence that supports each such defense. The information sought by this interrogatory is not a mere recitation of the statutory sections, case law, or common law invoked in the defense. Plaintiff requests that you provide a detailed description of every fact and legal basis on which the affirmative defense is asserted so that Plaintiff may have the opportunity to investigate by way of additional discovery requests.

ANSWER: Objection, to the extent this interrogatory calls for legal conclusions.  My affirmative defenses are set forth in my Answer to the Second Amended Complaint.  Furthermore, discovery in this case is ongoing.  However, without waiving these objections, my affirmative defenses are generally based on the following facts:  I was court-appointed to represent Tom Bledsoe by the Jefferson County District Court, Case No. 99 CR 318. In this case, I commenced my representation of Tom Bledsoe on or about November 7, 1999, until November 15, 1999 when Jefferson County District Court Case No. 99 CR 318 was dismissed by the Jefferson County Attorney.  I had a duty to represent and defend Tom Bledsoe, and I performed the traditional functions of a court-appointed lawyer in doing so.  The choice to dismiss the criminal charges against Tom Bledsoe was the decision of County Attorney Jim Vanderbilt alone.  I did not conspire with any state actors.

/s/Vincent M. Cox
Vincent M. Cox #22051

10.     Please identify any and all criminal convictions of any party or witness with knowledge relating to any of the claims or defenses of this action. For each such responsive conviction, identify: (a) the Person who has been convicted and the nature of the conviction, and (b) the complete factual basis as to why the conviction qualifies as admissible under Federal Rule of Evidence 609. Please be advised that Your duty to supplement Your answer to this Interrogatory remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

**ANSWER: I have no information that is responsive to this question.**

11.     Describe any legal representation or legal services that you provided at any time to any Current or Former Individual Defendant or any member of Plaintiff's family, including Tom Bledsoe, Floyd L. Bledsoe Sr., Catherine Bledsoe, Heidi Bledsoe, and/or Gary Bledsoe.

**ANSWER: Objection, to the extent this interrogatory requests information that is subject to attorney-client privilege. Without waiving that objection, I was a court appointed attorney for Tom Bledsoe in his criminal case, 99 CR 318, in Jefferson County, Kansas. I was also the attorney for Tom Bledsoe in Jefferson County Case No. 2001 CV 000061.**

/s/Vincent M. Cox
Vincent M. Cox #22051

12.     Did you maintain any personal notes, personal emails, or personal files relating to the Arfmann Murder Investigation or any suspects or witnesses in the investigation? If the answer to this question is anything other than an unqualified "no," please describe the contents of your notes or files with sufficient particularity to enable a production request for all such notes or files. If you answer this Interrogatory by referring to Documents, please reference specific bates numbers and affirm under oath that the sum total of your personal notes and personal files relating to the Arfmann Murder Investigation is contained in the Documents that you reference.

**ANSWER: No.**

13.     Is it Your position that at any point there was probable cause to support Plaintiff's arrest, charging, indictment, or prosecution for the Arfmann Murder? If so, please provide the complete factual basis upon which probable cause existed at the time of Plaintiff's: (a) arrest, (b) charging, (c) indictment, and (d) criminal trial. If it is Your contention that probable cause existed at one point and then no longer existed at a later point, please state so clearly in your answer.

**ANSWER: I was only the court-appointed counsel for Tom Bledsoe, and I am not in a position to offer any opinion on this matter.**

6

      14. For any Document requested in Plaintiff's discovery requests which has been lost, discarded or destroyed, please identify each such document as completely as possible and state the approximate date it was lost, discarded or destroyed; the circumstances and manner in which it was lost, discarded or destroyed, including the identities of all persons involved; the reasons for disposing of the Document; the identity of any persons with knowledge of its content; and the identity of the last person known to have seen it.

      **ANSWER: My file for this case was shredded in 2013, when I closed my office and practice of law in Oskaloosa, Kansas and shredded all closed files that were more than 10 years old. Kirk Vernon provided me with copies of police reports from Jefferson County, because I had not received any police reports that had been completed prior to Tom Bledsoe's case being dismissed in November 15, 1999.**

      15. Are you aware of any Exculpatory Evidence that was withheld from Floyd S. Bledsoe prior to the dismissal of charges against him? If your answer to this question is anything other than an unqualified "no," please state when you became aware of such Exculpatory Evidence and describe each such piece of Exculpatory Evidence, providing sufficient detail so that additional discovery requests can be served.

      **ANSWER: No.**

      16. Please identify any and all searches for evidence of any kind that you observed, or in which you participated in any way, during the Arfmann Murder Investigation, and for each such search, please: (a) state the date and location of the search; (b) identify every person present for or participating in the search; (c) state your understanding of the purpose(s) of the search; (d) identify any evidence recovered during the search; (e) identify any and all methods used to recover or attempt to recover evidence during the search. If you answer this Interrogatory by referring to Documents, please reference specific bates numbers and affirm under oath that the sum total of your responsive knowledge is contained in the Documents that you reference.

      **ANSWER: I was present on November 8, 1999 when the body of Zetta Arfmann was discovered. I would refer you to the police reports identifying all of the individuals that were present at that search. That search was conducted on the property owned by Floyd L. Bledsoe and Catherine Bledsoe. The purpose of the search was to see if the body of Zetta Arfmann could be found.**

17. Please identify every Communication made in 1999-2000 that consisted of, described, or recounted any inculpatory (or potentially inculpatory) statement made by Tom Bledsoe relating to the Arfmann Murder that you observed, participated in, or had knowledge of in 1999-2000. For each such Communication, please: (a) state with particularity the substance of the Communication; (b) identify everyone involved in the Communication; (c) provide the date of the Communication; and (d) state whether or not the Communication was memorialized in a police report or other Document. If you answer this Interrogatory by referring to Documents, please reference specific bates numbers and state under oath that the sum total of Communications responsive to this Interrogatory that you presently recall, after a diligent investigation, are contained in the Documents that you reference.

**ANSWER: Objection, to the extent this interrogatory requests information that is subject to attorney-client privilege. Without waiving that objection, non-attorney-client privileged information is contained in the law enforcement reports. I am not aware of any inculpatory statement made by Tom Bledsoe relating to the Arfmann murder case that would not be a part of the investigation and contained in the law enforcement reports.**

/s/Vincent M. Cox
Vincent M. Cox #22051

/s/ Vincent M. Cox
Vincent M. Cox - 22051
CAVANAUGH, BIGGS & LEMON, P.A.
3200 SW Huntoon
Topeka, Kansas 66604
TEL: 785/440-4000
FAX: 785/440-3900
vcox@cavlem.com
ATTORNEYS FOR DEFENDANT
MICHAEL HAYES

8

## VERIFICATION

STATE OF Colorado )
) ss:
COUNTY OF Chaffee )

Michael Hayes of lawful age and being first duly sworn on oath, states:

That he is Michael Hayes, a Defendant in the above-captioned matter; that he has read the above and foregoing Interrogatories and the answers thereon; and that the answers are true and correct to the best of his knowledge and belief.

*Michael C. Hayes*
Michael Hayes

Subscribed and sworn to before me this 30th day of August, 2021.

*Lynette E. Neesen*
Notary Public

My Appointment Expires: January 4, 2022

LYNETTE E. NEESEN
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20094042549
MY COMMISSION EXPIRES JANUARY 4, 2022

9

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of September, 2021, a true and correct copy of the above and foregoing was served via electronic mail to all counsel of record.

/s/ Vincent M. Cox
Vincent M. Cox - 22051
CAVANAUGH, BIGGS & LEMON, P.A.
3200 SW Huntoon
Topeka, Kansas 66604
TEL: 785/440-4000
FAX: 785/440-3900
vcox@cavlem.com
ATTORNEYS FOR DEFENDANT
MICHAEL HAYES