# EXHIBIT 42

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FLOYD S. BLEDSOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 2:16-CV-02296-DDC-JPO |
| | ) |
| JEFFERSON COUNTY, KANSAS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### **DEFENDANT TERRY MORGAN'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

1.     Please identify by name and address all Persons who, to the best of Your understanding, have knowledge of facts that relate to any of the claims or defenses in this action, including but not limited to all Persons who are not listed in the parties' Rule 26(a)(1) Initial Disclosures. For each Person with knowledge responsive to this Interrogatory, please describe with particularity any categories of facts known by each such Person relating to the claims and defenses in this action, including all categories of facts about which the Person may be competent to testify at trial.

If this Interrogatory is answered by incorporating Documents, please provide the identities of any additional Persons who are not listed in the Documents that you reference, as well as any categories of facts known to any witness relating to the claims or defense in this action that are not reflected in the Documents that you reference; in the event that you fail to do so, Plaintiff will assume the witnesses and the substance of their testimony is strictly limited to what is contained in the Documents that you reference.

**ANSWER:**   See Initial Disclosures.

2.     Under oath, please identify all Complaints that have ever been made against you relating to your role as a law enforcement officer, including but not limited to any and all internal affairs, Administrative Investigations, intra- or inter-departmental, police review board, and citizen Complaints; any Complaints alleging dishonest behavior, lying under oath, witness manipulation, improper behavior during interrogations or interviews, use of improperly suggestive, coercive, or torturous

methods on suspects, arrestees, or witnesses, use of excessive force, false arrest, malicious prosecution, fabrication or planting of evidence, concealment of evidence, destruction or suppression of evidence, improper evidence collection, or purposeful non-collection of evidence; and any lawsuits or administrative complaints filed in state or federal courts or agencies alleging police or prosecutorial misconduct. This request includes any Complaints made in connection with the Investigation of the Arfmann Murder, and any Complaints which presently remain pending. A complete answer to this Interrogatory will include, but is not limited to, the following information: (1) the date of each Complaint; (2) a detailed description of the nature of each Complaint; (3) an identifying number of each Complaint; (4) whether you provided any statements relating to the Complaint; and (5) how each Complaint was resolved, including whether you were disciplined in connection with the Complaint. If you do not possess an identifying number of a particular Complaint, please investigate and obtain it.

> **ANSWER:** When I was a Kansas State Trooper, there were several complaints from drivers who felt they didn't deserve traffic tickets. I don't recall any complaints while I worked for the KBI.

3. Please identify every Communication in which you participated during the course of the Arfmann Murder Investigation with any actual or potential witness or suspect in the Arfmann Murder Investigation, including but not limited to Plaintiff, Tom Bledsoe, Billy Summerville, Pat McKernans, Rosa Bolinger, James Bolinger, Heidi Bledsoe, Robin Meyer, Dorothy McClung, William Knoebel, Scott Harries, Richard Zule, Charles Summerville, Gil Crouse, Dale Arfmann Jr., Ruth Meyer, Floyd L. Bledsoe Sr., Brandi Wampler, Erik Mitchell, Catherine Bledsoe, Louis E. Gamble, Kevin S. Feleay, Donald Bolinger, Dan Ward, Karen Edmonds, Rebecca Wheatley, Annette McNary, Fred Smelser, Dan Courtney, Cody Bledsoe, Chris Bledsoe, Lynn Brown, Tammy Dressler, or Michael Wagoneer. For each such Communication, please: (a) state with particularity the substance of the Communication; (b) identify everyone involved in the Communication; (c) provide the date of the Communication; and (d) state whether or not the Communication was memorialized in a police report or other Document. If you answer this Interrogatory by referring to Documents, please reference specific bates numbers and state under oath that the sum total of Communications responsive to this Interrogatory that you presently recall, after a diligent investigation, are contained in the Documents that you reference.

> **ANSWER:** See KBI file.

4. Under oath, please identify every Communication that you had in 1999

or 2000, regarding any aspect of the Arfmann Murder Investigation, with any Current or Former Individual Defendant; any forensic, DNA, laboratory or evidence analysts, agents, or employees; or any other employee or agent of Jefferson County, the Kansas Bureau of Investigation, or any other governmental prosecution or law enforcement authority that had any involvement of any kind in the Arfmann Murder Investigation. For each such Communication, please: (a) state with particularity the substance of the Communication; (b) identify everyone involved in the Communication; (c) provide the date of the Communication; and (d) state whether or not the Communication was memorialized in a police report or other Document. If you answer this Interrogatory by referring to Documents, please reference specific bates numbers and state under oath that the sum total of Communications responsive to this Interrogatory that you presently recall, after a diligent investigation, is contained in the Documents that you reference.

> **ANSWER:** **I might have talked about the case with Jim Woods and/or George Johnson during the investigation. I might have also had a discussion with my supervisor, Special Agent in Charge William Delaney. I don't recall any specifics of any of those conversations.**

5. Please state with specificity each activity, action, or investigative task that you participated in during the Investigation of the Arfmann Murder. For each activity, action, or task, please describe the Person, if any, who assigned you each activity, action, or task and the Person to whom you reported for each activity, action, or task. Please note that the scope of this Interrogatory includes both the initial investigation of the Arfmann Murder—including but not limited to the investigation at the scene, interviews with and statements of witnesses or suspects, polygraph examinations, questioning of suspects including Plaintiff and Tom Bledsoe, evidence collection, and the arrest and charging of Plaintiff—and any subsequent investigation that took place following the charging of Plaintiff, including any acts leading up to and during his criminal trial and appeal, and any steps undertaken at any time after his conviction was overturned, up to and including the present day. If you answer this Interrogatory by referring to Documents, please reference specific bates numbers and state under oath that the sum total of your participation in the Arfmann Murder Investigation that you presently recall, after a diligent investigation, is contained in the Documents that you reference.

> **ANSWER:** **See KBI file. All my actions were taken at the request of Sheriff Roy Dunnaway.**

6. Do You contend that Plaintiff murdered Camille Arfman? If so, please state the complete factual basis supporting Your contention and specifically identify all witnesses or physical, documentary, or testimonial evidence that supports Your contention.

> **ANSWER:** **I don't know whether plaintiff murdered Camille Arfmann. I am not aware of all the information obtained during the course of the investigation and subsequent court proceedings.**

7. Do You contend that Plaintiff was an accomplice or accessory to the Arfmann murder or assisted in concealing the crime in any way? If so, please state the complete factual basis supporting Your contention and specifically identify all witnesses or physical, documentary, or testimonial evidence that supports Your contention.

> **ANSWER:** **I don't know whether plaintiff was an accomplice or accessory to the Arfmann murder. I am not aware of all the information obtained during the course of the investigation and subsequent court proceedings.**

8. For any affirmative defenses that you have asserted or will assert in this matter (for example, failure to mitigate damages or qualified or absolute immunity), please describe the entire factual basis supporting each such defense and specifically identify any witnesses or physical, documentary, or testimonial evidence that supports each such defense. The information sought by this interrogatory is not a mere recitation of the statutory sections, case law, or common law invoked in the defense. Plaintiff requests that you provide a detailed description of every fact and legal basis on which the affirmative defense is asserted so that Plaintiff may have the opportunity to investigate by way of additional discovery requests.

> **ANSWER:** **Objection to the extent this interrogatory calls for legal conclusions. Without waiving any objection: I'm not sure of the legal definition of an "affirmative defense." I do know that contrary to plaintiff's claims, I did not deliberately conceal or fabricate evidence, nor did I orchestrate or stage any false evidence. I did not "frame" plaintiff.**

9. Please identify any and all criminal convictions of any party or witness

with knowledge relating to any of the claims or defenses of this action. For each such responsive conviction, identify: (a) the Person who has been convicted and the nature of the conviction, and (b) the complete factual basis as to why the conviction qualifies as admissible under Federal Rule of Evidence 609. Please be advised that Your duty to supplement Your answer to this Interrogatory remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

**ANSWER:** **I don't know the identity of all the witnesses in this case or their criminal histories.**

10. Did You or any other Person involved in the Arfmann Murder Investigation act inconsistently with any of the applicable policies, customs, or practices (formal or informal, written or unwritten) of the Kansas Bureau of Investigation, Jefferson County Sheriff's Department, Jefferson County Attorney's Office, as you understand them, at any point during the Arfmann Murder Investigation? This includes but is not limited to during any interactions with other Current or Former Individual Defendants or officers; any interactions with Plaintiff, Tom Bledsoe, any witnesses, or any suspects; any polygraph examinations; any documentation and preparation of police reports; and any evidence collection or lack thereof. If your answer is anything other than an unqualified "no," please: (a) identify any particular policy, custom, or practice which, to your knowledge was violated and by whom; (b) describe the circumstances and manner in which said policy, custom, or practice was violated; and (c) state whether any discipline resulted from that violation.

**ANSWER:** **I don't believe so.**

11. Did you maintain any personal notes, personal emails, or personal files relating to the Arfmann Murder Investigation or any suspects or witnesses in the investigation? If the answer to this question is anything other than an unqualified "no," please describe the contents of your notes or files with sufficient particularity to enable a production request for all such notes or files. If you answer this Interrogatory by referring to Documents, please reference specific bates numbers and affirm under oath that the sum total of your personal notes and personal files relating to the Arfmann Murder Investigation is contained in the Documents that you reference.

**ANSWER:** **No.**

12. Is it Your position that at any point there was probable cause to support

Plaintiff's arrest, charging, indictment, or prosecution for the Arfmann Murder? If so, please provide the complete factual basis upon which probable cause existed at the time of Plaintiff's: (a) arrest, (b) charging, (c) indictment, and (d) criminal trial. If it is Your contention that probable cause existed at one point and then no longer existed at a later point, please state so clearly in your answer.

> **ANSWER:** **I don't know if there was probable cause to arrest, charge, indict, or prosecute plaintiff. I am not aware of all the information obtained during the course of the investigation and subsequent court proceedings.**

13. For any Document requested in Plaintiff's discovery requests which has been lost, discarded or destroyed, please identify each such document as completely as possible and state the approximate date it was lost, discarded or destroyed; the circumstances and manner in which it was lost, discarded or destroyed, including the identities of all persons involved; the reasons for disposing of the Document; the identity of any persons with knowledge of its content; and the identity of the last person known to have seen it.

> **ANSWER:** **I don't know of any document that's been lost, discarded, or destroyed.**

14. Did you withhold from Floyd S. Bledsoe any Exculpatory Evidence of which you were aware prior to the dismissal of charges against him? If your answer to this question is anything other than an unqualified "no," please state when you became aware of such Exculpatory Evidence and describe each such piece of Exculpatory Evidence, providing sufficient detail so that additional discovery requests can be served.

> **ANSWER:** **I don't believe so.**

15. **For Defendant Morgan Only**: Please identify any and all searches for evidence of any kind in which you participated, or that you observed, during the Arfmann Murder Investigation, and for each such search, please: (a) state the date and location of the search; (b) identify every person present for or participating in the search; (c) state your understanding of the purpose(s) of the search; (d) identify any evidence recovered during the search; and (e) identify any and all methods used to recover or attempt to recover evidence during the search. If you answer this Interrogatory by referring to Documents, please reference specific bates numbers and

affirm under oath that the sum total of your personal notes and personal files relating to the Arfmann Murder Investigation is contained in the Documents that you reference.

> **ANSWER:** Any record of any searches in which I participated or observed should be in the KBI file.

16. Please identify each Kansas Bureau of Investigation file that has ever existed relating to the Arfmann Murder Investigation, and for each such file identify by Bates Number or otherwise describe: (a) every Document that was associated with the file as of the date of Plaintiff's arrest; (b) every Document that was associated with the file as of the date of Plaintiff's criminal trial; (c) every Document that was associated with the file as of the date Plaintiff's conviction was overturned; (d) every Document that was associated with the file at any time in the past but which is no longer in the file; (e) every Document that was provided to state prosecutors before Plaintiff's criminal conviction; and (f) every Document that was provided to Plaintiff or his attorneys before Plaintiff's criminal conviction.

> **ANSWER:** All the documentation of my involvement in the subject investigation should be in the KBI file that existed at the time I retired in 2004.

RESPECTFULLY SUBMITTED,

OFFICE OF ATTORNEY GENERAL
DEREK SCHMIDT

s/ Shon D. Qualseth
Shon D. Qualseth, KS No. 18369
Asst. Attorney General/Senior Trial Counsel
120 SW 10th Avenue
Topeka, Kansas, 66612-1597
Phone: (785) 368-8424
Fax: (785) 291-3767
Email: shon.qualseth@ag.ks.gov
*Attorney for Defendant Terry Morgan*

## VERIFICATION

STATE OF KANSAS )
) ss:
COUNTY OF JOHNSON )

    I, Terry Morgan, being of lawful age, and first duly sworn upon my oath, state that I have made and reviewed the foregoing answers to Plaintiff's First Set of Interrogatories to Terry Morgan and that I have knowledge of these answers and that the answers are true and correct.

                                                  _/s/ Terry Morgan_
                                                  Terry Morgan

Subscribed and sworn to before me on this 28th day of July, 2021.

                                                  _/s/ Charity Lindsey_
                                                  Notary Public

My Appointment Expires:

07/16/2025

NOTARY PUBLIC – State of Kansas
CHARITY LINDSEY
My Appt. Exp. 7/16/2025