# EXHIBIT 46

```
                                                                    1
 1              IN THE UNITED STATES DISTRICT COURT
                       DISTRICT OF KANSAS
 2


 3  FLOYD S. BLEDSOE,

 4            Plaintiff,

 5       vs.                           District Court
                                       Case Number
 6  JIM WOODS, TERRY MORGAN,           16-2796-DDC-ADM
    THE ESTATE OF GEORGE JOHNSON,
 7  and MICHAEL HAYES,

 8            Defendants.

 9

10                  TRANSCRIPT OF PROCEEDINGS

11
         On the 8th day of June, 2023 at 3:30 p.m. came on
12  to be heard in the DISCOVERY HEARING in the
    above-entitled and numbered cause before the HONORABLE
13  ANGEL D. MITCHELL, Magistrate Judge of the United States
    District Court for the District of Kansas, Sitting in
14  Topeka.
         Parties appeared telephonically.
15       Proceedings were recorded electronically.
         Transcript produced by mechanical stenography and
16  computer.

17

18  APPEARANCES

19       The Plaintiff appeared by and through:
         Ms. Ruth Brown
20       Loevy & Loevy
         311 N. Aberdeen, Third Floor
21       Chicago, IL 60607

22       The Defendants Terry Morgan, Jim Woods and the
    Estate of George Johnson appeared by and through:
23       Mr. Shon Qualseth
         Ms.
24       Assistant Attorney General
         Memorial Building, Second Floor
25       120 SW Tenth
         Topeka, KS 66612
```

Jana L. McKinney, CSR, RPR, CRR, RMR
United States Court Reporter
PH. (316) 315-4268

2

```
 1
 2         The Defendant Michael Hayes appeared by and
   through:
 3         Mr. Vincent Cox
           Cavanaugh, Biggs & Lemon, PA
 4         3200 SW Huntoon
           Topeka, KS 66604
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

3

1        (The following proceedings were electronically
2   recorded and have been requested transcribed:)
3           THE COURT:  Good afternoon.
4           MS. BROWN:  Good afternoon.
5           MR. QUALSETH:  Good afternoon.
6           THE COURT:  Good afternoon.
7       We're here today in Case Number 16-2296, Floyd S.
8   Bledsoe versus Jefferson County, Kansas, et al, as
9   defendants for a discovery conference in this case.
10      Will counsel please state their appearance for the
11  record, beginning with counsel for the plaintiff.
12          MS. BROWN:  Ruth Brown for plaintiff Floyd
13  Bledsoe.
14          THE COURT:  Okay.
15      And who do we have for -- I understand we don't
16  have anyone for the Jefferson County defendants but
17  please pipe up if I'm wrong.
18      Or defendant Vanderbilt.
19      But we do have someone for the KBI defendants
20  Woods, Morgan and the Estate of George Johnson?  Mr.
21  Qualseth
22          MR. QUALSETH:  Yes, Your Honor.  This is Shon
23  Qualseth.
24      And I've got Milesha Segun with me.  She is also
25  an Assistant Attorney General.

```
 1            THE COURT:  I'm sorry, what's her name?
 2            MR. QUALSETH:  Melisha, M-i-le-s-h-a, Segun,
 3   S-e-g-u-n.
 4            THE COURT:  Okay.  And do we have someone for
 5   defendant Michael Hayes?
 6            MR. COX:  Yes, Your Honor, Vincent Cox.
 7            THE COURT:  Okay.  Very good.
 8         Okay.  Well, just by way of background, I convened
 9   this discovery conference after my chambers received an
10   email from Ms. Brown yesterday requesting a discovery
11   conference concerning defendant -- Defendant
12   Wood -- Defendants Woods and Morgan Responses to
13   Plaintiff's Second Set of Interrogatories No. 1 and 2.
14   The Court had compelled responses to by May -- following
15   a discovery conference on May 18th.
16         The Court issued an order in that case compelling
17   those defendants to respond to Interrogatory No. 1 as
18   modified in that order, and Interrogatory No. 2,
19   Defendants Morgan and Woods.
20         And then my understanding from Ms. Brown's email
21   that the Estate of George Johnson did not provide any
22   responses to the interrogatories as the Court had
23   compelled in document ECF Number 313.
24         And so with that, let me just say that I have -- I
25   requested copies of Morgan and Woods' Supplemental
```

5

1   Responses to Plaintiff's Second Set of Interrogatories
2   and so I have those before me.  But I trust, it sounds
3   like there is nothing for me to look at as it relates to
4   the Estate of George Johnson supplemental interrogatories
5   responses.
6          And so by just by way of that background, Ms.
7   Brown, let me talk to you to let me know how I can help
8   at this point.
9              MS. BROWN:   Thank you, Your Honor.
10         Well, the plaintiff has concerns as to both the
11  content of the responses with Morgan and Wood, and also
12  with respect to certain responses and verifications being
13  overdue past the Court's deadlines without those
14  defendants seeking an extension from the Court.
15         And so just from the timing of this issue, we're
16  missing the verification for Woods, and the responses for
17  the Estate of George Johnson.  And we don't oppose an
18  extension if the defendants need one but we think the
19  defendants should get one from the Court because we want
20  to make sure that this Court doesn't close the discovery
21  referral without us having an opportunity to enforce if
22  there are any deficiencies.  So that is the timeliness
23  issue.  And then we have issues about the content --
24            THE COURT:  Hold on just a second, Ms. Brown,
25  before you get into the substance of the other responses.

1       Let me just ask Mr. Qualseth, what is the
2  defendants' response plan in terms of providing a
3  verification from Woods and also responsive from the
4  Estate of Johnson?
5           MR. QUALSETH:  Yes, Your Honor, I have talked
6  with Mr. Woods about the responses that's why -- and he
7  agrees with those.  He had to get his mailed to him and
8  you'll -- by U.S. mail.  And so I can't begin to guess
9  when we might get that back.  I can check with him on
10 that but I don't anticipate that being a problem.
11      I just received from the attorney for the Estate
12 of George Johnson, I just received responses to
13 plaintiff's first set of interrogatories and I can
14 produce those by tomorrow.  And so
15 that's -- there's -- there's a Florida attorney who is
16 the personal representative of the estate, and there's an
17 attorney who represents that [inaudible].  So there was
18 some miscommunication on getting through to them but I
19 did finally receive the responses.
20           THE COURT:  Okay.  Okay.
21      So, Ms. Brown, can I then memorialize that the
22 verification for Woods is forthcoming but that it had to
23 be sent through regular mail, and that the response is on
24 its way and that also that there was an -- and also that
25 the responses from the Estate of Johnson are forthcoming

```
 1  and anticipate -- that the KBI defendants anticipate
 2  providing those tomorrow, you don't have any objections
 3  to that, correct?
 4           MS. BROWN:   That's correct.
 5           THE COURT:   Okay.  Okay.  So thank you for
 6  clarification as to those items.
 7       So with that, let's jump to as I understand it,
 8  concerns with Woods and Morgan, responses to plaintiff's
 9  second set of Interrogatory Nos. 1 and 2.
10       Okay.  Ms. -- Ms. Brown.
11           MS. BROWN:   Yes, Your Honor.  So I think for
12  Interrogatory No. 1 which asks for the KBI defendants'
13  contentions about probable cause, I think the dispute
14  between us is this:
15       The plaintiff's position is that a contention
16  interrogatory is not limited to information in the
17  personal knowledge of the answering defendant but needs
18  to be answered with the assistance of counsel as to what
19  the parties' contentions are going to be in the
20  litigation.  And, in fact, under Rule 26(b)(1), a finding
21  of discovery responses, counsel needs to certify that as
22  complete and correct to the best of counsel's knowledge.
23       And I think Mr. Qualseth's position is -- of
24  course he can state it for himself, is that Woods and
25  Morgan are allowed to answer only what is in their
```

```
 1  personal knowledge.  But you know, contention
 2  interrogatories would not serve much of a purpose in
 3  litigation if a party is to say, I don't know, you're
 4  going to have to ask my lawyer, and there's no mechanism
 5  to ask the lawyer what the person's contentions is.
 6          So I have tried to ask Mr. Qualseth repeatedly
 7  whether Morgan and Woods are going to seek a contention
 8  at summary judgment or trial about there being probable
 9  cause to arrest the plaintiff and he has refused to
10  answer and their interrogatory response doesn't answer
11  that question either.  And actually, Mr. Qualseth set
12  [inaudible].
13          THE COURT:  Okay.  But just so that I make sure
14  I understand, I mean my understanding is originally you
15  just want them bound to a position that they can't vary
16  from because you would be able to say under 37(c)(1),
17  this is the interrogatory response that they provided.
18  And here they're saying, I don't know if there was
19  probable cause, and you just want to be able to later
20  argue, well, they're precluded from now contending that
21  there was probable cause because in their -- in response
22  to the contention interrogatories they didn't take a
23  position on that issue, isn't that correct, Ms. Brown?
24          MS. BROWN:  I think that's right, yes.  And if
25  they are going to make the contention you know, we think
```

```
 1  that they should have to provide the response now.
 2              THE COURT:  Right.  Right.
 3         And, Mr. Qualseth, what is your response to that?
 4  Do you understand that by taking this position -- that by
 5  virtue of Morgan and Woods taking the position that they
 6  don't know if there was probable cause to arrest the
 7  plaintiff, they don't intend to vary that position at any
 8  point in the future, correct?
 9              MR. QUALSETH:  Correct.  That answer to
10  interrogatory number one is accurate; they don't know.
11              THE COURT:  Right.
12              MR. QUALSETH:  It is either, I can't depend on
13  either Terry Morgan or Jim Woods to pipe up at trial, or
14  on summary judgment to say there was probable cause
15  because they have already testified they don't know
16  and --
17              THE COURT:  Right.
18              MR. QUALSETH:  -- that's a true answer.  You can
19  have -- an answer to a question may be yes, it may be no,
20  it may be I don't know.  That's an answer.  That's a
21  response.
22              THE COURT:  But in other words you understand
23  that by them -- by virtue of them taking this position in
24  response to Interrogatory No. 1 that they don't know if
25  there was probable cause, you don't intend to come into
```

1  trial and argue on their behalf otherwise, correct,
2  Mr. Qualseth?
3          MR. QUALSETH:  I don't know, Your Honor.  I am
4  not trying to be evasive but discovery just closed.  I
5  haven't looked at the elements of the plaintiff's claim
6  for a while.  Summary judgment is not until July 19th.  I
7  don't know if probable cause is an element of the claim,
8  as far as the defense.  I can't sit here and say yes or
9  no.
10         THE COURT:  Okay.  Well, I think that based on
11 this interrogatory response I think, Ms. Brown, you're
12 going to have what you need to argue that under 37(c)(1)
13 they can't take a different position at any point in the
14 future in this litigation.
15         I don't know if it is going to get any better for
16 you from that based on the current -- I don't agree with
17 Mr. Qualseth that they are preserving the ability to come
18 in and argue otherwise.  I think they're stuck with the
19 answer that they have in this interrogatory response
20 which is I don't know.
21         And so, Ms. Brown, I don't know that you're going
22 to get anything any better than that on that issue.
23         MS. BROWN:  Okay.  That makes sense to me, Your
24 Honor.  Thank you.
25         THE COURT:  Okay.  And then let's talk about

11

1  Interrogatory No. 2.
2         What can I do to help on that front?
3           MS. BROWN:  Thank you.
4         So this one was about punitive damages and there
5  are several problems with the response.
6           THE COURT:  Right.
7           MS. BROWN:  So, first, with respect to Defendant
8  Woods, he didn't provide any documents on his net worth
9  and at his deposition he didn't know answers to many
10 questions about, for example, about what was in his bank
11 accounts.  So we served interrogatories to find out and
12 the Court compelled a response and all he did was merely
13 state to his deposition that's inadequate, and it is
14 particularly prejudicial because his financial documents
15 are still outstanding.
16        And you know we appreciate that Woods is saying
17 that he is looking for more information, and you know
18 just like the other.  If he needs an extension, we don't
19 oppose it, we just want the extension to come to the
20 Court so if there are any issues we have an opportunity
21 to enforce.  And so that is the issue with Woods.  And I
22 think on to Morgan as well.
23          THE COURT:  Well, let's start with Woods.
24 Mr. Qualseth, what is the -- what is Mr. Woods' intention
25 with response -- with respect to supplementing his

```
 1  interrogatory?  What does the timing look like?
 2           MR. QUALSETH:  Sure.  I have talked with -- his
 3  son handles his finances now.  Jim is over 80 years old.
 4  I have talked to his son and told him what I needed.  I
 5  can follow-up with him right after we get off the phone.
 6  I know he was not happy about it but I said, You've been
 7  ordered to produce this, and I think he understands that.
 8  He does have a background in law enforcement.  So I can
 9  follow-up with Jim's son and try to get that information.
10           THE COURT:  What can I do to help move that
11  process along, Ms. Brown?
12           MS. BROWN:  I think just set a -- you know if
13  the Court could maybe set a time by which Mr. Woods has
14  to respond and you know it can be a lengthy time period.
15  This isn't going to interfere with you know the pretrial
16  proceedings or summary judgment but just so that we have
17  the ability to enforce -- the plaintiff will be able to
18  enforce that there was a deficient response.
19           THE COURT:  Okay.  Well, I don't want to let
20  this issue linger too long but I do want to give the son
21  adequate time to put -- to get the information together
22  while keeping it on the front burner rather than the back
23  burner.
24       And so what would you think, Mr. Qualseth?  A
25  couple weeks?  Three weeks?
```

```
 1            MR. QUALSETH:  That's what I was thinking, Your
 2   Honor.
 3            THE COURT:  Okay.  What if I were to say by June
 4   29th?
 5            MR. QUALSETH:  Sure, I was thinking June 30th
 6   which is a Friday, but June 29th will work.
 7            THE COURT:  I like Friday deadlines.  Let's go
 8   with full and complete responses by June 30th.
 9            MR. QUALSETH:  All right.
10            THE COURT:  Does that work for you, Ms. Brown?
11            MS. BROWN:   Yes, Your Honor, thank you.
12            THE COURT:  Okay.  And then how about with
13   respect to Morgan?
14        All I see is that there have been documents
15   produced relating to his assets and income and I see the
16   Bates number listed here but I don't know what those
17   documents entail.
18            MS. BROWN:  Sure, and so Mr. Morgan has cited
19   about almost 900 pages of documents and I think -- and
20   that's it.  And there is several problems with that
21   approach.
22        First, he is not providing an estimate of his net
23   worth.  That is prejudicial to the plaintiff because it
24   is one thing for the plaintiff to present individual
25   financial records to the jury to estimate net worth but
```

14

```
 1   -- for the purpose of the punitive damages, but it is far
 2   more powerful and efficient to use the defendant's own
 3   estimate and that's what we are asking for and that is
 4   what the Court has compelled Morgan to do and he as
 5   dodged that.
 6           Second, he's not identifying any liabilities and
 7   those are not the documents he produced.
 8           Third, his response isn't stating whether the
 9   documents are a complete presentation of his assets.  For
10   example, he is not providing an estimate of the value of
11   the property.
12           And, lastly, he is citing to this almost 900 pages
13   of documents, rather than pinpointing where the
14   information is located so I think you know from the
15   plaintiff's perspective we could use clarification from
16   the defendants but this response is inadequate.
17           THE COURT:  Okay.  Mr. Qualseth --
18           MR. QUALSETH:  Would --
19           THE COURT:  -- what do you have to say to that?
20           MR. QUALSETH:  Would a statement of Mr. Morgan's
21   net worth if -- and he signs it, would that be
22   sufficient?  I mean there's -- you can come up with it
23   from those documents but it would probably be easier just
24   to have Terry say a personal financial statement or
25   something of that nature that I know banks require, just
```

1  a -- a -- a statement of your own net worth.  Would that
2  be enough?
3          THE COURT:  Well, I mean just the interrogatory
4  calls for an estimate of net worth --
5          MR. QUALSETH:  Okay.
6          THE COURT:  -- and describing how it has been
7  calculated by providing a balance sheet of assets and
8  liabilities, which is what I would expect, and also
9  income statement for the past three years showing income
10 from sources over those years.  So I mean I think that's
11 a fair ask and I don't think it should be that difficult
12 to come up with, I don't think to summarize -- I can
13 imagine that 900 pages of documents might be a whole lot
14 of fun to try to sort through and figure out, I don't
15 know what those documents consist of but you know if that
16 statement of financial -- of net financial worth is
17 somewhere in there, it would seem to me that you could
18 probably point to one or two pages, rather than 900, but
19 it's probably not just to point to those documents, I
20 understand you might point to those as supporting
21 documentation but I do think you probably need to point
22 to either a summary, somewhere in that batch of documents
23 or provide that net financial statement and income
24 statement.  I mean those are pretty -- I don't think they
25 seem like terribly onerous requests.

```
 1          So what kind of time frame would you need to do
 2  that, Mr. Qualseth?
 3          MR. QUALSETH:  How about that we keep that the
 4  same June 30th date to supplement Mr. Morgan's response?
 5          THE COURT:  Okay.  Does that work for you,
 6  Ms. Brown?
 7          MS. BROWN:  Yes, Your Honor, thank you.
 8          THE COURT:  Okay.  Does that take care of
 9  everything for today then?
10       Ms. Brown?
11          MS. BROWN:  Um, yes, I believe that does.  Thank
12  you.
13          THE COURT:  Okay.  Anything else that I can help
14  with on the KBI defendants' behalf?  Mr. Qualseth?
15          MR. QUALSETH:  No, Your Honor.
16          THE COURT:  Okay.  Very good.
17       Mr. Cox, not to leave you out of the loop here.
18  Anything we need to take up today on behalf of defendant
19  Hayes?
20          MR. COX:  No, I was just a spectator today I
21  think.
22          THE COURT:  Okay.  That's a good role to play
23  during these calls.
24          So all right, very good.  Well, with that then, I
25  will go ahead and get a short order entered memorializing
```

1  what was discussed today and we will leave you all to it
2  to keep trucking along on the case.
3          So with that, the Court stands adjourned.
4          Thank you, everyone.
5              MR. QUALSETH:  Thank you, Judge.
6              MS. BROWN:  Thank you.
7              (End of proceedings.)
8      *******************************************
9                  C E R T I F I C A T E
10
11      I, Jana L. McKinney, certified shorthand reporter,
12 certify that the foregoing is a correct transcript from
13 the official electronic sound recording of the
14 proceedings in the above-entitled matter.
15          Dated this 10th day of July, 2023.
16
17
18                  s/ Jana L. McKinney_____
19                  Jana L. McKinney
                    United States Court Reporter
20
21
22
23
24
25

| | INDEX | |
|---|---|---|
| | | PAGE |
| REPORTER'S CERTIFICATE | | 17 |